**Anna M. BECKMAN, Respondent,**

v.

**James R. BECKMAN, Appellant.**

Nos. 36985, 37244.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Aug. 17, 1976.

Motion for Rehearing and for Transfer to
Supreme Court Dec. 20, 1976.

Application to Transfer Denied
Feb. 14, 1977.

Wiseman, Shaikewitz, McGivern & Wahl, Richard Shaikewitz, Alton, for petitioner-appellant.

Shifrin, Treiman, Bamburg & Dempsey, Richard B. Dempsey, St. Louis, for respondent-appellee.

CLEMENS, Judge.

Cross appeals on monetary issues in a dissolution of marriage action.

Anna M. Beckman, petitioner, sued James R. Beckman, respondent, alleging their 29-year marriage was broken because he had mistreated her, committed adultery, drank to excess and been abusive. Respondent denied none of these allegations. The trial court dissolved the marriage, denied maintenance, divided the marital property and allowed attorney fees to the petitioner.

■ The major item of marital property was the respondent's 330 shares of stock in a 1,320-share family corporation operating a large farm. As hereafter detailed, the trial court valued the 330 shares at $248,000 and divided it by ordering respondent to pay petitioner $1,000 a month for 124 months. Both parties challenge that division, contending generally the court "abused its discretion." Throughout this opinion we bear in mind the definition of that repeated phrase: " 'An abuse of discretion is an erroneous finding and judgment which is clearly contrary to the facts and circumstances before the court—a judicial act which is untenable and clearly against reason and which works an injustice.' " *State v. Letourneau,* 515 S.W.2d 838[6] (Mo.App.1974).

■ The key issue concerns respondent's one-fourth of the shares of stock in the farming corporations. The principal corporate assets are the 1,200-acre farm and the equipment used to operate it. The trial court treated respondent's corporate stock as being worth one-fourth the value of the corporate assets. Petitioner introduced expert testimony that the farm with its improvements was worth $1,180,900; cattle on the farm, $35,515; farm equipment, $159,500.

Challenging the trial court's valuation of respondent's stock based on corporate net worth, petitioner argues the court should have valued the stock separately and intrinsically. She argues that one of the several accepted technical valuation methods should have been used to establish the value of the 330 shares of corporate stock, such as book value, par value, and capitalized earnings, among other methods. Petitioner, however, does not explain why the court should have been confined to one of these technical methods.

The trial court determined the value of respondent's 330 shares of corporate stock to be equal to one-fourth the value of the corporation's assets. This valuation may not have accorded with the technical methods of valuation urged by petitioner, but we cannot say it "is clearly contrary to the facts or the logical deductions from the facts and circumstances before the court." We hold this division was proper to a fair distribution of the marital property and that there was no abuse of discretion.

■ Petitioner next contends the trial court should have awarded her interest on the $124,000 respondent is to pay her in $1,000 monthly installments. She argues that the value of her interest is decreased

by payment over a long period of time and that respondent will have the use of her share of the property without compensation to her. One of the factors the trial court could have considered in dividing the marital property is "the economic circumstances of each spouse at the time the division of property is to become effective." Section 452.330.1(3), RSMo. The court was mindful of the necessity of sustaining the respondent's farming operation in decreeing this deferred payment plan. This was a proper factor to have considered in devising the plan and in calculating the total amount of payments. We hold the trial court's disposition of property through this installment method was not unreasonable in light of the parties' economic circumstances.

■ *Respondent's fault.* Petitioner next contends the trial court erred by dividing the marital property by halves because respondent was solely at fault in bringing about the dissolution. This division was improper, she argues, because the Missouri Dissolution of Marriage Act rejected a "no fault" approach by making "the conduct of parties during the marriage" a factor to be considered in dividing the marital property. Section 452.330, RSMo. The trial court's discretion is defined by that statute, stating that the court "shall divide the marital property in such proportions as the court deems just after considering all relevant factors." Fault is but one relevant factor. The statute also declares "the contribution of each spouse to the acquisition of the marital property" shall be a relevant factor. There was evidence of heavy contribution by the husband to his financial success. In weighing the relevant factors, the trial court could and apparently did consider this contribution as significant as fault in dividing the marital property. We find no abuse of discretion.

■ *Maintenance.* For her last point petitioner challenges the trial court's denial of maintenance. This, because she is 51 years old, lacks job security, had been married to respondent for 29 years and at trial time had an economically insecure job which she lost after trial. Petitioner would

have us find from the fact she lost her job that she is entitled to maintenance. For maintenance Missouri law requires more than unemployment. As held in *In Re Marriage of Neubern,* 535 S.W.2d 499[4, 5] (Mo. App.1976), under § 452.335(1), RSMo, maintenance is to be allowed a childless wife only when she lacks sufficient property, including the marital property apportioned to her, to provide for her reasonable needs, *and* she is unable to support herself through appropriate employment. The evidence did not compel an allowance for maintenance.

■ *Respondent's appeal.* Respondent contends the monthly $1,000 payments impose an intolerable burden because during the first year he would have to pay more than the farm ever annually produced for him. He argues these payments will force him to liquidate his assets and thus he will lose his source of income. This prediction of total loss of income is not supported by the economic facts in evidence. Respondent has substantial assets from which to raise funds to make the payments. The trial court knew of respondent's quarter of a million dollars in assets and placed what it believed was a reasonable burden on him. We find the award of installment payments not to be unreasonable.

■ *Attorney's fee.* Respondent contests the award of attorney's fee to petitioner because there was no evidence she was unable to pay her own fees, and also because there was no evidence of how much time her attorney spent on the case nor of how much he charged per hour. On the first point respondent cites old Missouri divorce case law holding it necessary to show that the person seeking attorney's fees was unable to pay them. He also points out that the applicable section of the present Dissolution of Marriage Act, § 452.355, RSMo, states the court should consider the financial resources of both parties in ordering payment of attorney's fees. The key word here is "consider." Under that statute the need of the party is but one factor to consider in awarding fees. Such fees may be granted even when need is not established. The granting of attorney's fees is within

the court's discretion, and bearing in mind the quoted definition of that term, we find no error.

■ Respondent also contends the attorney's fees allowed were not adequately proven. There was evidence to show the time spent, letters written and pleadings drafted and other relevant information. We consider that " 'courts are themselves experts on the question of attorneys' fees and the judge who personally tries a case and is acquainted with all the issues involved is in a position to fix the amount of attorneys' fees without the aid of evidence.' " *Jafarian-Kerman v. Jafarian-Kerman,* 424 S.W.2d 333[10] (Mo.App.1967).

Judgment affirmed.

DOWD and STEWART, JJ., concur.