In re the MARRIAGE OF Shirley Ann
CARTER and Clero G. Carter.

Shirley Ann Carter, Petitioner-Appellant,

and

Clero G. Carter, Defendant-Respondent.

No. 12632.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 8, 1982.

Motion for Rehearing Overruled and to
Transfer to Supreme Court Denied
Nov. 29, 1982.

H. Dwight Douglas, Douglas, Douglas &
Johnson, Neosho, for petitioner-appellant.

C.R. Rhoades, Rhoades & Perigo, Neosho,
for defendant-respondent.

PREWITT, Judge.

The parties' marriage was dissolved on
January 17, 1980 and appellant received
maintenance of $200 per month. On May
21, 1981, respondent filed a motion to modi-
fy the decree, asking that maintenance be
terminated or reduced due to changed cir-
cumstances. Following a hearing on Janu-
ary 7, 1982, the trial judge said, "I'm think-
ing in terms of terminating effective June
1st." After appellant's attorney stated that
he did not believe there was any evidence
supporting termination in the future, the
record reveals the following:

"THE COURT: There isn't any evi-
dence contradicting it, either. Got to cut
it off sometime, sometime. She—there's
no evidence that says she isn't able to
work and she's a woman and he's a man
and I can't—I think that it should be cut
off sometime. At least that will get her
through the winter, and give her a little
bit of breathing space is my thinking, and
time to get organized and get some sort
of a job. So that would be—when is it
due, anyway?"

The judge then announced that he would
terminate maintenance effective after the
May 1982 payment.[1]

To obtain modification of a dissolution
decree the movant has the burden of show-
ing a change in circumstances so substantial
as to make the terms of the original decree
unreasonable. § 452.370.1, RSMo 1978; *In
re Marriage of Cook*, 636 S.W.2d 419, 421
(Mo.App.1982). Appellant contends that re-
spondent did not meet that burden.

The motion to modify contended that
there had been changes since the original
decree because (a) appellant was living with
Everett Newberry; (b) appellant has rented
an apartment for $150 per month plus utili-
ties for over five months but has not lived
in the apartment; (c) appellant has been
employed part time and has refused the
opportunity for full-time employment; and
(d) respondent's monthly expenses have in-
creased substantially while his net earnings
have decreased substantially.

---

1. The judge hearing the motion was not the      same one who entered the original decree.

We first discuss contention (a). Prior to the original dissolution decree the parties had been separated for a considerable length of time. The court's findings of fact following the hearing on the dissolution, found that appellant "lives with her male friend, Mr. Newberry". Respondent lives in Joplin. He testified at the motion hearing that appellant was living near Diamond, Missouri with Newberry but gave no other facts supporting this contention. There was no other evidence that she was living with him. Appellant denied that she was living with Newberry at the time of the hearing on respondent's motion, but admitted she had stayed with him on occasion, particularly following his back surgery. She testified she lived in a duplex in Joplin that she rented for $185 per month.

In view of appellant's limited income, we feel it unlikely that she would have continued to rent if she was living with Newberry. The trial judge made no finding of facts so we do not know how he determined this question, but his comments earlier quoted, indicate that this was not a consideration in his determination. Even if we assume that he found all facts in accordance with the results reached, Rule 73.-01(a)(2), we have a firm belief that a finding that she was living with Newberry would have been against the weight of the evidence. See *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). However, if we assume that respondent's allegations are true, there is no change of circumstances from those at the time of the original decree.

As we believe the weight of the evidence clearly supports appellant's contention that she lived in the duplex, respondent's allegation (b) does not aid him.

Nor does the evidence support respondent's contention (c). At the time of the hearing on the motion appellant was 47 years old. The evidence showed that she had worked at numerous part-time jobs since the dissolution, sometimes maintaining as many as three part-time jobs, but there was no evidence that she ever had an opportunity for appropriate full-time employment.[2] Before the dissolution decree the parties had been married for 25 years. At the time of that decree the court stated that during the marriage appellant "functioned almost entirely as a housewife, of sorts, and a mother of two children. She gave up or did not choose career development or work experience." The court found at that time that appellant "lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs, and that she is unable to support herself through appropriate employment."

Respondent testified at the hearing on his motion that for the last "10 or 15" years of their marriage appellant had not been employed outside the home. When asked "what kind of education or skills does she have?", respondent replied, "Well, she graduated out of high school." He later said that "once in a while" she had helped in a grocery store and "done office work and stuff when she was younger". Appellant presented undisputed evidence that in 1981 she had worked in several part-time jobs: taking care of an elderly lady; as a sales person in a women's apparel store; making "telephone sales" for a photography studio, a publishing company, and the Joplin Lions Club; holding "clothes parties" to sell a line of women's apparel; and giving demonstrations of the use of a coffee maker at a retail store.

Appellant testified that she had applied at over 30 places for a job and had not received any offers for full-time employment and had not turned down any offers of employment. She has "remained listed" with two employment offices. At the time of the hearing on the motion to modify she had neither full-time nor part-time employment. With her lack of marketable skills and the economic situation as it has been, no inference can be drawn that she could

**2.** See § 452.335.1, RSMo 1978. *Brueggemann v. Brueggemann,* 551 S.W.2d 853, 858 (Mo.App. 1977).

have secured appropriate full-time employment. Respondent does not contend and we do not believe that appellant's part-time earnings would make the original decree unreasonable. The trial judge who heard the dissolution action obviously contemplated that appellant would have income in addition to the maintenance as she could not be expected to live on $200 a month.

We now discuss contention (d). Respondent presented evidence at the hearing on his motion that his monthly expenses at the time of the dissolution were $1,847.81 [3] and his expenses in October of 1981 were $1,949.68.[4] This increase is clearly insufficient to make the decree unreasonable as the evidence showed that his income had increased more than his expenses. Respondent's 1979 U.S. income tax return showed total income of $30,708 and adjusted gross income of $25,245.[5] In 1980 the figures were $36,508 and $27,334. Respondent testified that his gross income for 1981 would be "maybe 36,000, $37,000" and his adjusted gross income for 1981 would be "about the same" as 1980. Respondent had other financial dealings, apparently entered into after the dissolution, and claimed that they had been financially costly. However, these were not pleaded nor were they significant enough to establish that the original decree was unreasonable.

Also, when we consider all of respondent's allegations together, there does not appear to be any significant changes in the circumstances since the dissolution decree, certainly not enough to make the grant of maintenance now unreasonable. The evidence showed little, if any, change in the facts on which the trial court found that appellant was entitled to maintenance in the original decree. Appellant still lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs and is unable to support herself through appropriate employment. See § 452.335.1, RSMo 1978; Krauskopf, Applying the Maintenance Statute, 33 Mo.Bar J. 93 (1977); Krauskopf, Maintenance: Theory and Negotiation, 33 Mo.Bar J. 24 (1977). Considering the factors stated in § 452.335.2, RSMo 1978, the amount of maintenance was not shown to be unreasonable.

The judgment is reversed and the cause remanded with directions to enter judgment denying respondent's motion to modify.

MAUS, P.J., and HOGAN, J., concur.

---

3. The trial court stated when the dissolution decree was entered that respondent's "evidence indicated monthly expenses of $1186.90, which the court finds to be reasonable." The difference between this amount and the amount testified to at the hearing on respondent's motion is not explained in the record.

4. Respondent lives with his girl friend. Whether that is a factor in his increased expenses, the record does not reveal.

5. As earlier stated, the dissolution decree was entered January 17, 1980. The trial court stated then that respondent's income "is approximately $2000.00 per month." When the dissolution action was tried is not apparent from the record before us.