In re the Marriage of Miriam Thomas POTTER (formerly Miriam Thomas Desloge), Appellant,

v.

Bernard F. DESLOGE, Respondent.

No. 46039.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 13, 1983.

Bernard A. Barken, St. Louis, for appellant.

Harold B. Bamburg, St. Louis, for respondent.

CRANDALL, Presiding Judge.

This, the parties' third appeal on issues emanating from their marriage dissolution in 1977, is a sequel to *Potter v. Desloge,* 625 S.W.2d 927, 930 (Mo.App.1981). We remanded that cause with instructions to the trial court to consider whether appellant (ex-wife) should be awarded her expenses and attorneys' fees on that appeal. The trial court on the remand refused to make any award. We affirm.

Appellant's claim is under § 452.355, RSMo (1978), the dissolution of marriage act (hereinafter the Act), the pertinent part of which is set out below:

> The court from time to time after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under sections 452.300 to 452.415 [i.e., the Act] and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment.

*Beckman v. Beckman,* 545 S.W.2d 300, 302–03 (Mo.App.1976) is among the many cases holding that an award under the statute is

discretionary with the trial court. As the trial court's ruling is presumptively correct, *Anderson v. Robertson,* 402 S.W.2d 589, 593 (Mo.App.1966), it is appellant's burden to show that the ruling manifests an abuse of discretion—i.e., that it is "clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.* and *see Beckman v. Beckman,* 545 S.W.2d at 301.

 We need not review in detail the evidence of the statutory "relevant factors." Since 1976, appellant has received from respondent (ex-husband) nearly $469,000 in cash. She has invested part of the money in New Mexico real estate. The record shows that she made a $78,000 down payment against the approximately $270,000 purchase price of some apartments in Santa Fe. The apartments' market value had increased to between $310,000 and $320,000 by the time this motion was heard, and appellant's equity therein had increased to about $85,000. She also has invested in two other parcels of real property, described as a "rental house" and a "lot." She testified that the market value of the rental house was about $115,000 and that the lot was worth what she paid for it or "maybe a few thousand more." She owns jointly with her present husband their residence valued at between $130,000 and $132,000. We will pass over her household items, personal effects, and certain art objects for which no value was stated, and conclude our review of the evidence by noting that her present husband supports her.

Citing her "negative cash flow" and a sluggish New Mexico real estate market that hinders liquidation of any of her holdings, appellant argues that her multi-millionaire ex-husband can better afford the nearly $24,000 she seeks as her attorneys' fees on the last appeal. This may be true but would not mandate the award she seeks. The record shows appellant has sufficient assets to pay her attorneys' fees and fails to show injustice in having her do so.

 Appellant also assigns error to the trial court's order, following the remand, granting respondent's motion for a change of judge under Rule 51.05(a) which provides:

> A change of judge shall be ordered in any civil action upon the filing of a written application therefor by any party or by his agent or attorney. The application need not allege or prove any cause for such change of judge and need not be verified.

The point is not preserved for appellate review. Though the legal file on this appeal contains a letter to the trial court from appellant's counsel expressing counsel's desire "to be heard" on the motion for change of judge, neither in her post-hearing letter memorandum to the trial court on the attorneys' fees issues, nor in her motion for new trial, nor—so far as the record shows—in any other way did appellant comply with the Rule 78.09 requirement that she apprise the trial court of her "objections to the action of the court and [her] grounds therefor...." Since no claim of error concerning the change of judge order has been preserved, the point is denied.[1]

Affirmed.

REINHARD and CRIST, JJ., concur.

---

1. We note, parenthetically, that the legal file herein shows respondent's amended motion to modify the parties' dissolution decree is now pending in the trial court as a result of our reversing the order dismissing it in *Desloge v. Desloge,* 617 S.W.2d 486 (Mo.App.1981), and that there is also pending appellant's counterclaim which she filed following our reversal and remand in *Potter v. Desloge,* 625 S.W.2d 927 (Mo.App.1981). Given that it was the first request by either party for a change of judge in this action, that the request was timely made and granted as a matter of right, we fail to see why the order granting it would be error, even if an objection had been properly preserved.