**In re the Marriage of Norman M. SANDIN, Respondent,**

v.

**Joyce U. SANDIN, Appellant.**

**No. WD 35936.**

Missouri Court of Appeals, Western District.

March 19, 1985.

James A. Rahm, Carrollton, for appellant; Rahm, Rahm & Crawford, Carrollton, of counsel.

Robert H. Ravenhill, Marshall, for respondent; Rasse & Ravenhill, Marshall, of counsel.

Before PRITCHARD, P.J., and SHANGLER and DIXON, JJ.

PRITCHARD, Presiding Judge.

In this dissolution of marriage case, the parties were married on August 17, 1964, and the decree of dissolution terminated the marriage on April 5, 1984, with a final decree regarding matters of child custody and division of property being entered on April 26, 1984.

Appellant wife contends error in: (1) the division of marital property; (2) the trial court's failure to award her maintenance; (3) the grant of joint custody to the parties of their nineteen year old son, a college student; and (4) the overruling of her motion for sanctions against the husband for his walking out of a deposition nine days before trial, and the refusal of a request for continuance in order further to depose the husband.

At the time of trial, the wife, a nurse, earned $24,300 annually. The husband's base salary, as an industrial engineer, was $29,400, but his gross income in 1983 was about $31,000. After separation in September, 1983, the wife has lived in the marital home with the parties' 19 year old son when he was not attending college, and the husband lived in a mini-motor home in a trailer court.

The trial court valued and gave to the wife certain described property of a total equity value of $60,550. Included in that figure was the family home valued at $60,000 (according to the husband's testimony which the trial court was entitled to accept), subject to a mortgage of $20,000, and property described as belonging to the son (an automobile, motorcycle and life insurance), valued at $5,400. To the husband was given property of a total value of $24,902.35, to which was added $12,500 ordered to be paid by the wife to equalize the property division (total, $37,402.35). The wife's grant of property netted her $48,050, and even deducting $5,400 set off to her, said to be the son's property, would give her $42,650. Each party was to pay off indebtedness on property allotted to them. It thus appears that the wife received about $5,000 more in property values than the husband, but the division is otherwise

approximately equal, and such was clearly within the sound discretion of the trial court. *In re Marriage of Brown*, 664 S.W.2d 268[1] (Mo.App.1984), and case cited.

■ Although in the earlier years of the marriage the wife, as a nurse, had a greater income than the husband, the earnings of both, as acquired by each, went into the marital property under § 452.330 2., RSMo 1978. There was also a $10,000 profit from the sale of an Omaha, Nebraska, residence which went into the marital home in Missouri. Since 1973, after he obtained a college degree, the husband's income has exceeded the wife. The contributions by earnings of each spouse to the acquisition of marital property do not seem so disparate as to convict the trial court of an abuse of discretion in not according to the wife a greater share of marital property based upon any superior earnings contributions she might have made. This particular provision of § 452.330 has not received any definitive judicial construction. But suppose that all of the contributions to marital property had been made from the husband's earnings, the wife being a homemaker. In that situation it could not be successfully contended that the husband would be entitled to all of the marital property.

The economic circumstances of the parties, considering their incomes, do not reveal that either would be unable to support themselves adequately.

■ The wife charges that the husband was guilty of misconduct. He did not deny that on occasion, he drank beer and played cards, and was absent from the family without explanation for periods of time. There was no evidence that he was engaged in any meretricious relation with any member of his opposite sex. Even considering that the husband was engaged in some misconduct, that is no basis to award him an inadequate share of the marital property. *Rising v. Rising*, 608 S.W.2d 510, 512 (Mo.App.1980), a case holding, in effect, that misconduct of one party must impose additional burdens or hardship on

the other, to entitle the latter to receive a greater proportion of marital assets. No such factors are here present.

The trial court is not required to make an equal division of marital property, but only one which is just. In this connection, it had the power to award property (here essentially the family home) to the wife and complete the division by directing the cash payment to the other. *In re Marriage of Kueber*, 599 S.W.2d 259, 261[1] (Mo.App. 1980), and cases cited; cf. *In re Marriage of Goodding*, 677 S.W.2d 332, 339 (Mo.App. 1984). No abuse of discretion here appears, nor is the division of the property against the weight of the evidence or the factors required to be considered under § 452.330.

■ The wife next contends that the trial court erred in not granting her maintenance. She was 48 years of age at the time of trial. She presented no evidence that her income of $24,300 annually was insufficient to meet her needs. She testified that she did have hypertension for a number of years which she had not been able to control very well. In October, 1983, she had surgical removal of a malignant melanoma from her back. She presented no medical evidence as to the probability that the malignancy would reoccur or would metastasize. She testified that if the malignancy did reoccur there was a possibility that she could not then work, but that is mere supposition. The wife's physical condition does not rise to that established by medical evidence in *McBane v. McBane*, 553 S.W.2d 521 (Mo.App.1977), which held at page 524[1, 2], that where evidence showed a physical condition to exist at the time of dissolution which had substantial potentiality for disabling the wife from remaining self-supportive, the concept of fairness required that allowances be made to provide for her future support. Note also *Abney v. Abney*, 575 S.W.2d 842 (Mo.App.1978), where although the wife had a brain tumor removed which left her with partial paralysis of her face, a spasmodic blinking eye, and a hearing loss

in one ear, no medical evidence was introduced as to her present condition or prognosis, and she continued her employment in spite of her afflictions. The court reversed an award of maintenance saying, p. 844, that the McBane rule applies only when the potential for future inability to work is "established by evidence exceeding mere guesswork or speculation. Mere suppositions of future inability to work are not adequate." That is the situation here and the trial court did not err in declining to award the wife maintenance.

The wife contends that the court erred in awarding joint custody of the son, born April 10, 1965, to the parties. There is no evidence that either party was unwilling actively to perform their functions as mother and father for the needs of the child. Indeed, the evidence shows that the son stays with the mother on frequent weekends while he is in college, and the husband is paying for his education costs, and testified that he would continue to do so. This does not seem to be the normal case where joint custody should be awarded under § 452.375.2(6), since the son has nearly attained his majority, and probably could decide on his own with which parent he desired to be in contact. The trial court's order is no more than innocuous, and need not be further noticed under the circumstances.

■ Nine days before the trial was reset for hearing, the husband's deposition was scheduled to be taken. He and his attorney then walked out of the deposition. The wife filed motions for sanctions and for continuance, which were overruled. The wife demonstrates no prejudice to her, i.e. that she was deprived of evidence, in the denial of the continuance. The sanctions sought are within the trial court's discretion, as is the matter of a continuance. The wife's last point is overruled.

The judgment is affirmed.

All concur.