DOWD, Presiding Judge.
These cross-appeals are taken from an order modifying a 1971 modification of a divorce decree. The case was heard by former Circuit Judge Orville Richardson, appointed special master by agreement of the parties pursuant to Rule 68.01. Both husband and wife filed objections to the master’s report pursuant to Rule 68.-01(g)(2), which were overruled by the trial court. The special master’s report was adopted in its entirety and an order entered in accordance with the master’s report by the Honorable Robert W. Saitz.
The court order increased the wife’s maintenance award from $300.00 to $462.12 per month, awarded attorney’s fees to wife’s attorney in the amount of $6,128.00 and credited husband with attorney’s fees of $5,248.75, leaving a direct award of attorney’s fees to wife's attorney in the amount of $879.25. The court taxed costs against husband, including witness fees for wife’s experts. The court held that husband was not in contempt of court for violating the court order of 1971 which required him to maintain in force health insurance for the benefit of wife, suspended husband’s obligation to maintain health insurance for the benefit of the wife, and entered other orders relating to the above issues.
On appeal husband assigns error to the trial court’s order which increases the wife’s monthly maintenance award and which orders husband to pay attorney’s fees and legal costs for the present modification. In a cross appeal, wife challenges that portion of the trial court’s order which suspends husband’s obligation to maintain health insurance for her benefit. We affirm.
A divorce decree was entered in 1964 which terminated the marriage of husband and wife. The divorce decree was modified in 1971 and husband was ordered to pay wife $300.00 per month as maintenance. The 1971 modification also ordered husband to “maintain in force Blue Cross/Blue Shield insurance or other comparable insurance coverage for the benefit of wife and the minor children during their minority.”
A subsequent motion to modify was filed by wife in February 1982 to seek an increase in maintenance and to force husband to comply with the 1971 modification which required him to maintain health insurance for wife’s benefit. Husband filed an answer and cross-motion which alleged that the 1971 modification agreement required wife to pay all attorney’s fees and costs as the movant in a future modification action.
The hearing before the special master established that wife has suffered from a manic-depressive psychosis since 1972. Wife has received in-patient and out-patient treatment for her condition since 1972. As a result of her mental condition, wife has incurred the following debts: $3,000.00 to Dr. Biggs; $953.00 to St. Vincent’s Hospital; and $12,000.00 to Barnes Hospital. The prognosis of wife’s condition is guarded to poor, with a high risk for suicide.
Prior to the 1964 divorce, wife had not worked outside the home. Wife has since obtained a Bachelor’s Degree in Psychology and is trained as a counselor, but is unable to effectively function as a counsel- or due to her mental illness. Wife has held intermittent employment as a companion to elderly patients at which she earns $40.00 per day.
The trial court, at the time of 1971 modification, determined that wife had monthly expenses of $600.00 and monthly income of $151.00. After considerable discovery the special master determined that wife had present monthly expenses of $726.12 and monthly income of $300.00. Although wife’s housing expense has decreased from $278.00 to $100.00 per month since the 1971 modification, she is currently dependant upon the good will and generosity of a friend with whom she is living. The wife’s present living arrangement may terminate at some unknown time in the future.
Husband owns fifty percent of the stock in G & S Enterprises, Inc. Wife’s expert *295 witness testified that husband’s interest in G & S Enterprises was between $60,000.00 and $79,000.00. G & S Enterprises, although sustaining a substantial loss for the year ending 1981, had a net income of $37,042.00 for the year ending 1982. Husband presented testimony that his interests in G & S Enterprises had no value and that he owed G & S Enterprises $12,000.00. Husband testified that he had an outstanding debt of $17,000.00. Wife called an expert witness who testified that husband's house had a value of $125,000.00.
Husband, as required by the 1971 modification, maintained in force medical insurance coverage for wife until August 1982 at which time the policy was cancelled by the insurer due to falsified information contained in the insurance application. In September 1982, husband, by letter, offered to procure Blue Cross/Blue Shield “Low Option” coverage. Wife refused to sign and return the application—which only she could complete—because the policy would not cover her mental condition. Wife has been uninsured since this time and is unable to procure insurance for her present mental condition.
On review, we consider the law and the evidence but defer to the trial court’s opportunity to judge the credibility of the witnesses. Rule 73.01; Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976).
We find there was sufficient evidence presented to show a change of circumstances so substantial as to require modification of the 1971 modification order. There is no evidence that the wife’s mental condition, her uninsured status, her needs for medical care and her intermittent employment were considered or contemplated at the time of 1971 modification. § 452.370 RSMo 1978, Rincon v. Rincon, 571 S.W.2d 475, 476 (Mo.App.1978).
Husband’s claim that the court erred in awarding attorney’s fees to the wife due to a contractual agreement entered by the parties at the time 1971 modification which provided for future indemnification for attorney’s fees is without merit. The award of attorney’s fees made by the trial court was within the terms of the 1971 modification agreement. Husband’s cross-motion was properly characterized as a counterclaim. The award of attorney’s fees to the wife represented the legal costs incurred by the wife in defending against husband’s counterclaim. The special master and the trial court judge properly considered “all relevant factors” and awarded attorney’s fees in accordance with their findings. § 452.355 RSMo 1978; Potter v. Desloge, 658 S.W.2d 83, 84-5 (Mo.App.1983).
Finally, we find the trial court’s order suspending husband’s duty to provide health insurance for wife was not an abuse of discretion in light of the wife’s failure to cooperate. The modification order recommends that the parties return to court and seek a court order which places an obligation on the wife to cooperate with the husband in the procurement of health insurance for her benefit.
We have read the transcript, briefs, and the authorities cited therein and have concluded that the modification order entered by the trial court is supported by substantial evidence and is not against the weight of the evidence. Further, the decree does not erroneously declare or apply the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976).
We further determine that an extended opinion would have no precedential value and that the judgment should be affirmed in accordance with Rule 84.16(b)(1).
REINHARD and CRIST, JJ., concur.