**In re the MARRIAGE OF Stephen E. BELL, Petitioner-Appellant,**

and

**Deborah J. McConnell, Respondent.**

No. 14437.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 17, 1986.

John E. McKay, Kansas City, for petitioner-appellant.

Thomas D. Dwyer, Springfield, for respondent.

GEORGE HENRY, Special Judge.

Stephen E. Bell (Steve), through a motion to modify, sought to terminate the $350 monthly maintenance award ordered August 10, 1982, upon dissolution of his marriage to Deborah J. McConnell (Debbie). By cross-motion to modify, Debbie sought an increase in maintenance. Following hearing, the court entered its order denying both motions. Steve appeals.

On appeal, Steve alleges that the trial court erred in failing to terminate or decrease the maintenance because the follow-

ing proved a change in circumstances requiring termination or reduction in maintenance: (1) Debbie's medical condition prevented her from working at the time of the dissolution; now, she is employed full-time; and, (2) Steve had a teaching career at the time of the dissolution; he is now a full-time law student working part-time, resulting in a substantial decrease in income. In addition, Steve alleges that (a) Debbie has other financial means to support herself through assets awarded her in the dissolution decree; and, (b) the trend of statutory and case law is now to award maintenance as a temporary form of assistance to enable the former spouse to become economically independent.

The trial court made factual findings pertinent to the issues raised on appeal as follows.

> [P]etitioner [Steve], who holds a masters degree and doctor of philosophy degree earned during the marriage, has been employed as a professor earning between $27,000.00—$28,000.00 gross per year during the years 1982, 1983, and 1984..... [Steve] entered law school in the fall of 1984 thereby incurring a substantial reduction in income, but that this action was voluntary ... and there is no evidence that his income would otherwise have been reduced. Petitioner conceded from the witness stand that he has not made a monthly maintenance payment since September of 1984..... [P]etitioner owns, among other assets, a 1981 Chevrolet Corvette worth $11,000.00, free of debt, which could be liquidated. Petitioner's current monthly expenses are $1,500.00. Petitioner has total debts of $2,000.00, not counting maintenance arrearages and his attorney's fees.

The trial court further found that Debbie is employed at a savings and loan association, earning a net monthly income of $806; she has an uncertain monthly income of $15 from the sale of cosmetics; and, that her monthly living expenses are $1,031. These facts are fully supported by the evidence.

Certainly, the facts as found by the trial court establish that Debbie is employed and that Steve's income is reduced. Both circumstances are changes occurring since the dissolution; but, not every change of circumstance will justify modification. *Markham v. Markham*, 506 S.W.2d 84, 86 (Mo.App.1974). Without belaboring Steve's point relied on that proof of change in circumstances *requiring termination or reduction in maintenance* would amount to substantial compliance with the well established standard for modification, this court, in *Calicott v. Calicott*, 677 S.W.2d 953, 955 (Mo.App.1984), restated the standard prescribed to be that set forth in § 452.370.[1] Said section provides: "[A]ny decree respecting maintenance or support may be modified ... *only* upon a showing of changed circumstances so *substantial and continuing as to make the terms unreasonable.*" (Emphasis added.)

Our review of the order entered by the court denying modification is limited to whether it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

When the maintenance award was originally granted, the trial court found that Debbie's medical condition, due to a pending surgery, prevented her immediate employment, and that, "Since we are unable to determine at this juncture the length of her disability or the type of gainful employment she will be able to obtain, the maintenance order shall be open ended." That which was said of the trial judge by the reviewing court in *In re Marriage of Carter*, 643 S.W.2d 280, 282 (Mo.App.1982), to the effect that the former wife could not be expected to live on the maintenance award, is equally true here. The trial judge who heard the dissolution obviously contemplated that Debbie would need income in addition to maintenance as she could not be expected to live on $350 a month. Debbie does now have a job, and she does earn a small extra sum each month selling cosmetics. Steve, in his brief, suggests that she

1. References to statutes are to RSMo 1978.

also has income producing resources from assets received in the dissolution. His evidence shows those assets to be $6,000 received from sale of the parties' residence. However, the evidence also shows that approximately $900 of that was used for the operation contemplated at the time of the dissolution and performed one month later. At the time of hearing on the motion to modify, Debbie testified that all of the remaining money from the $6,000 asset had been used up in her living expenses, a great deal of it after September, 1984, when Steve, without sanction of court, quit paying maintenance. Debbie's total monthly income, excluding maintenance, is sufficient to meet only 80 percent of her monthly living expenses—a substantial deficiency in a budget of $1,031.

Steve's ability to pay maintenance is also to be considered. As above-noted, the court found, and Steve readily admitted, that his decision to leave his professorship at Avila College, in order to enter law school, was voluntary. His 1984 income as a professor was $29,000. At the time of the modification hearing, Steve worked part-time for a law firm and did part-time teaching at Avila College, earning approximately $750 per month. He has remarried, and his salary is combined with her $1,000 monthly salary to meet their $1,994.50 monthly living expenses. Steve owns two cars, a Monte Carlo and a Chevrolet Corvette. The trial court found the Corvette to be worth $11,000, and that it could be sold, since it was debt free.

Both past and present earnings constitute evidence of his ability to pay. *Calicott* and *Jackson v. Jackson*, 655 S.W.2d 786, 786 (Mo.App.1983). At the time of the modification, Steve was a second year law student. He ranked in the top 10 percent of his class. Considering his academic degrees and his employment experience, it is a fair assumption that he will obtain employment as a lawyer following graduation from law school. If not, he should be able to return to teaching. His income, although substantially reduced now, will undoubtedly increase.

No Missouri case authority is cited in support of Steve's point that the trend of statutory and case law is now to award maintenance as a temporary form of assistance to enable a former spouse to become economically dependent.

Both in the trial court and here, Steve relies heavily on *Sandin v. Sandin*, 688 S.W.2d 50 (Mo.App.1985), which affirmed a denial of maintenance and Debbie relies upon *Calicott*, which reinstated maintenance after termination upon trial of a motion to modify. Steve asserts that Debbie has failed to distinguish the two. *Sandin* was a dissolution case and the reviewing court looked to § 452.335 to determine if all relevant factors had been considered in denying maintenance. In the present case, we look to § 452.370 and consider the judgment as entered, keeping in mind *Murphy v. Carron*, supra. Further distinction is unnecessary here.

The trial court found that Steve had not met the strict burden of showing a change of circumstances so substantial and continuing as to make the terms of the original decree unreasonable. We agree.

Judgment affirmed.

GREENE, P.J., and ELLISTON, Special Judge, concur.