Clara M. WILKINSON,
Petitioner-Appellant,

v.

Terry M. WILKINSON, Respondent.

No. 51581.

Missouri Court of Appeals,
Eastern District,
Division Seven.

April 7, 1987.

Rehearing Denied May 12, 1987.

Edward Leon Campbell, Kirksville, for petitioner-appellant.

William O. Green, Memphis, for respondent.

JAMES D. CLEMENS, Special Commissioner.

This case presents the unique issue of the wife's right to share in her husband's potential but yet unripened pension benefits. That is now the only issue.

The parties had been married in September, 1976 and their marriage was dissolved nine and a half years later. Husband has been employed by the state's Highway Patrol. Thereby he was eventually to become entitled to $1,721 monthly retirement pay. These rights to eventual retirement benefits were to accrue only after he had been employed by the Highway Patrol for ten years.

The issue before us is the present value of husband's pension rights. Appellant-wife contends that is $20,782 or $40,212, depending on whether the husband eventually retires at age 55 or 65.

Husband here contends the present pension value is zero, unless and until he meets the initial ten-year employment requirement. However, by his brief husband waives this contention. The trial court ruled the present value of the pension plan was $1,113.40 and by its decree that the pension be awarded to husband subject to his payment of $556.70 to his wife.

We summarize the relevant testimony. First, wife's witness, economics professor Larry G. Cox, conceded husband's employment has been for only 8.46 years and his retirement plan would not vest until he had ten years of employment and until vesting the potential retirement plan had no value.

Husband's witness, Bruce A. Reng, was veteran chief counsel for the employer Highway Department and testified its retirement system was a "defined benefit plan"; and until husband had ten years of employment the retirement plan had no value; but assuming the plan has vested the monthly retirement benefits would be $259 monthly, fully funded by the State.

Wife now contends the motion court should have given her judgment for half the retirement benefits the husband will eventually earn.

Upon submission the motion court denied this and ruled:

"Since Respondent is now 32 and will not attain age 60 until the year 2013 A.D., this does not appear to be an appropriate case to provide for payment to the Petitioner of a percent of the retirement pay commencing in the year 2013, .... The case is more appropriate for a determination of the present value of the pension plan and an immediate full and final division of it without any contingencies.... If Mr. Wilkinson should leave his employment for any reason before the ten years has accrued, there will be no benefits for either of the parties and this risk must be considered. The pension plan here is 84.6% vested and applying that percentage against the 'present value' of $1,316.04 a final 'marital property' value is established of $1,113.40. The Court thus finds that the marital property value of the pension plan is in the amount of $1,113.40 and finds that it would be appropriate that one-half thereof be awarded to the Petitioner. IT WILL THEREFORE BE ORDERED that the Missouri Highway Patrol Pension Benefits be set aside to the husband as his sole and separate property subject to his payment to the Petitioner of the sum of $556.70.

The controlling principles now before us were initially ruled in *Kuchta v. Kuchta,* 636 S.W.2d 663 (Mo. banc 1982). That case concerned a couple's post-dissolution rights in the husband's retirement pension rights. The Court declared:

A spouse's retirement benefits may often be the most valuable asset belonging to a married couple.... making it certain that in many such proceedings the past, but now dissipated, hopes of the spouses to enjoy together the future benefits of a pension plan constituted their greatest asset. As has been so often said, a pension is not earned on the last day of employment prior to retirement, but 'is a form of deferred compensation which is attributable to the entire period in which it was accumulated.' (citation omitted)....

§ 452.330, as heretofore quoted, provides that marital property may be divided 'in such proportions as the court deems just after considering all relevant factors ...' and, we cannot with any degree of certainty declare that the result reached was not equitable and just. *Id.* at 664, 666–667.

Upon a challenge that a lower court ruling was an abuse of discretion, we bear in mind our appellate role in ruling thereon. In *Beckman v. Beckman,* 545 S.W.2d 300[1] (Mo.App.1976) the court ruled:

An abuse of discretion is an erroneous finding and judgment which is clearly contrary to the facts and circumstances before the court—a judicial act which is untenable and clearly against reason and which works an injustice. (citation omitted). *Id.* at 301.

We hold the appellant-wife has not carried this burden.

Affirmed.

KAROHL, P.J., and GARY M. GAERTNER, J., concur.