**D. Frances BRANDT, Plaintiff–Appellant,**

v.

**David P. BRANDT, Respondent–Respondent.**

No. 55859.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 30, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 1990.

Case Transferred to Supreme Court April 17, 1990.

Case Retransferred to Court of Appeals Sept. 21, 1990.

Original Opinion Reinstated Oct. 2, 1990.

Roussin and Roach, Susan K. Roach, Chesterfield, for plaintiff-appellant.

Mary M. Albert, Clayton, for respondent-respondent.

KAROHL, Judge.

Wife appeals from decree of dissolution and nunc pro tunc order. She asserts maintenance, child support, attorneys' fees and Guardian Ad Litem fees awarded by the trial court were inadequate. She further claims the trial court overvalued the marital home, divided the marital property disproportionately, and incorrectly awarded husband custody of the children's trust accounts. Wife asserts these orders were based on trial court findings which were against the weight of the evidence and, therefore, an abuse of its discretion. Wife also claims the trial court conditioning payment of child support upon delivery of the children by wife for temporary custody with husband, constituted an unreasonable and unlawful burden on wife. We amend the trial court's order concerning child support and affirm on all other points.

Wife relies heavily, if not almost completely, upon her claim that the trial court's orders are against the weight of the evidence and an abuse of its discretion. It is very difficult for an appellant to prevail on this theory. "Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is against the weight of the evidence with caution and with a firm belief that the decree or judgment is wrong." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

We first consider wife's claims of error concerning amount of maintenance and child support. "Awards of maintenance and child support rest within the sound discretion of the trial court and we review the record only to determine whether that discretion was abused." *In re Marriage of White*, 601 S.W.2d 644 (Mo.App.1980). Further, the trial court is not required to award "maintenance adequate to meet all needs of a to-be-maintained spouse even if the maintaining spouse has sufficient resources to provide such support. Rather, the court is to look to circumstances of the parties and the marriage to determine what may 'justly' be required of the maintaining spouse." *Raines v. Raines*, 583 S.W.2d 564, 567 (Mo.App.1979).

■ The trial court awarded wife gross maintenance of $120,000. It gave husband the option of paying one lump sum or $2,000 per month for sixty months. The court considered many relevant factors, including the reasonable needs of wife, before setting the amount of maintenance. Among the evidence available to the court was considerable testimony describing the family's lifestyle during the marriage including expensive vacations, country club membership, private school tuitions and extravagant purchases. Substantial evidence existed to support the trial court's finding that the wife and children enjoyed a standard of living during the marriage which exceeded even their favored economic circumstances. Accordingly, we do not find the maintenance award was unjust or that the trial court abused its discretion.

■ The court awarded child support of $550 per month for the daughter, age eleven, and $650 per month for the son, age eighteen. The court also ordered husband to purchase, keep and maintain whatever medical and dental insurance is available from his employer and to pay half of all non-insured expenses. Section 452.340 RSMo 1986 lists various factors for the court to consider when setting child support such as the financial resources of the custodial parent, father and both children, and also the children's physical, emotional and educational needs. The trial court specifically addressed many of these factors. Also, the father's diminished income due to unfavorable stock market conditions supports the trial court's finding that the standard of living of the children would have diminished whether or not the marriage had been dissolved. Substantial evidence supports the child support order. Our examination of the record reveals no error of law.

■ Next, we consider the trial court's award of only partial attorneys' and Guardian Ad Litem fees. There was substantial evidence to support the trial court's rulings. Wife's attorneys' fees exceeded $52,000 and Guardian Ad Litem fees were $8,909.35. Husband was ordered to pay $22,500 of wife's attorneys' fees and $5,000.35 toward the Guardian Ad Litem fees. "The granting of attorney's fees is within the court's discretion," *Beckman v. Beckman*, 545 S.W.2d 300, 302–303 (Mo.App.1976). The trial court's ruling concerning attorney's fees is presumptively correct. *Potter v. Desloge*, 658 S.W.2d 83, 85 (Mo.App.1983).

The trial court must consider the financial resources of the parties and other factors. Section 452.355 RSMo 1986. Certainly the actions of a party which unnecessarily increase costs is a relevant factor. Wife unnecessarily manipulated the litigation process, caused duplicative legal services to be performed, and generally multiplied her legal bills. It is appellant's burden to show the award was "so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Potter v. Desloge*, 658 S.W.2d at 85. Wife has not met this burden.

■ Wife claims the trial court overvalued the marital home. She testified the home was worth $225,000. Husband's evidence valued it at $295,000. The home was appraised at $225,000 in 1983, but the only evidence of current value was the testimony of the two parties. When contradictory evidence exists concerning value of the marital home, "deference is given to the trial judge, who is in a position to assess the credibility of the witnesses." *Youngblood v. Youngblood*, 717 S.W.2d 529, 530

(Mo.App.1986). In the present case testimony supports either value for the marital home, therefore, we defer to the trial court's finding.

Wife also asserts trial court error in the disposition of marital property. Marital property shall be divided "in such proportions as the court deems just after considering all relevant factors ..." Section 452.-330 RSMo 1986. The trial court made detailed findings and orders concerning the marital property. We do not find the trial court's order for disposition of the marital property was manifestly unjust and we affirm the trial court's order on this point.

■ Wife also appeals the trial court's order concerning custody of the children's trust accounts. The children's trust accounts are funded with stock from the company which employs husband as a stockbroker. Husband's expertise in financial matters of this kind supports the trial court's finding that the children's interests would be best served by retaining husband as custodian of these accounts. We affirm.

Wife's final point asserts the trial court erred by conditioning child support payments upon her timely delivering the parties' children for temporary custody with husband. The trial court's task of ensuring his temporary custody of the children was a difficult one. Wife went to great lengths to alienate the children from their father, and they have indicated an unwillingness to visit him. The court found it in the best interests of the children to reestablish their relationship with their father, but faced the unenviable task of finding a way to effectuate its goal. The problem is complicated by the son's refusal to visit with his father.

■ The trial court applied § 452.340.6 in a creative attempt to solve the many support and custody problems in the present case, and ordered:

"Appellant shall deliver [both children] to respondents [sic] residence for all custody herein set out ... On the failure of [wife] to deliver [children] for *any* period of temporary custody herein set out, child support shall abate for the month in which petitioner fails to deliver [children]."

While we understand the trial court's frustration in reaching a workable visitation plan, capable of enforcement, the present order as it now reads, places an unfair burden upon wife. It is difficult, if not impossible, for a parent to force an eighteen year old against his will to "visit" anyone. Wife may attempt everything in her power and still fail to persuade the child.

Section 452.340.6 states:

A court may abate, in whole or in part, any future obligation of support or may transfer the custody of one or more children if it finds:

(1) That a custodial parent has, without good cause, failed to provide visitation or temporary custody to the non-custodial parent pursuant to the terms of a decree of dissolution, legal separation or modifications thereof: and,

(2) That the non-custodial parent is current in payment of all support obligations pursuant to the terms of a decree of dissolution, legal separation or modifications thereof. The court may also award reasonable attorney fees to the prevailing party.

■ This statute requires a finding. The necessity of a finding requires a hearing to determine whether abatement is appropriate. It also requires the hearing take place after the alleged infraction occurs. The abatement cannot take the form of a self-executing provision in the dissolution decree. This is clear because the statute permits abatement only if the non-custodial parent is current in all support payments and includes a provision for attorney fees to the prevailing party.

Accordingly we amend the trial court's order concerning child custody to read: "On the failure of mother to deliver children for *any* period of temporary custody herein set out, father may file a motion to abate child support and pay child support payments into the registry of the court, pending disposition of the motion, providing father is current in payment of all past

**676**

support obligations. Attorney fees may be awarded to the prevailing party."

The decree is affirmed as amended.

PUDLOWSKI, P.J., and CRANDALL, J., concur.