Luveada Alice MOZINGO, Respondent,

v.

Robert E. MOZINGO, Appellant.

Nos. WD 43822, WD 43872.

Missouri Court of Appeals,
Western District.

Dec. 10, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 28, 1992.

Application to Transfer Denied
Feb. 25, 1992.

Carl W. Bussey, Kansas City, for appellant.

Jorge A. Elliott, Kansas City, for respondent.

Before FENNER, P.J., LOWENSTEIN, C.J., and ULRICH, J.

ULRICH, Judge.

Robert E. Mozingo (husband) appeals the trial court's award of attorney fees to his former wife, Luveada Alice Mozingo (wife), in the amount of $8,816.00. Husband contends that granting attorney fees to wife is error because the trial court did not consider all necessary factors, including the financial resources of the parties, which would have precluded the attorney fees award. Wife cross appeals the trial court's termination of maintenance, which was awarded to her in the original divorce decree. Wife argues that termination of maintenance is error because the trial court did not have jurisdiction over her. She claims that she was not properly served with process and that a substantial and continuing change in circumstances was not proven by substantial evidence. The trial court's judgment is affirmed in part, reversed in part, and remanded with directions.

Mrs. Mozingo filed her petition for dissolution in July 1986. The dissolution judgment was entered in January 1987, and held "that Petitioner's [wife's] present physical condition prevents her from seeking or holding gainful employment, and therefore a maintenance order as set forth herein is necessary and appropriate." Accordingly, the judgment required the husband to pay $600.00 per month as mainte-nance and $2,500 for the wife's attorney fees. The judgment also ordered the sale of the marital home and division of the net proceeds.

Following the entry of the January 1987 divorce decree, husband was cited several times for contempt for his failure to comply with the decree's provisions. On two occasions, husband was jailed for contempt. On November 7, 1988, the trial judge determined that husband was in default to wife in the sum of $15,426.73. The trial judge ordered husband to pay the sum to wife. The court additionally ordered husband to pay wife $8,816.00 for attorney fees and $45.00 in costs to wife. The November 7 judgment of contempt was stayed to allow husband additional time to obtain a real estate loan to satisfy the judgment against him; however, husband failed to appear at the second hearing on December 21, 1988. Subsequently, husband was jailed again for civil contempt. In order to purge himself of contempt, husband deeded to wife the marital home in lieu of paying the money judgment against him. On appeal, 779 S.W.2d 284, the November 7 order for attorney fees was reversed and remanded to the trial court due to the absence of evidence of husband's financial circumstances.

On February 19, 1988, husband filed a motion to terminate his maintenance obligations. The trial court sustained husband's motion, finding that wife had recovered from her physical impairment that was the basis for the order of maintenance in the court's January 1987 dissolution judgment. After reviewing husband's financial condition, the trial court again ordered husband to pay $8,851 for wife's attorney fees and expenses for services rendered in defending previous appeals, enforcement of maintenance, and work related to contempt hearings.

### I. HUSBAND'S APPEAL

■ Husband appeals the trial court's order requiring him to pay wife's attorney fees. Section 452.355.1, RSMo Supp.1990, prescribes:

The court from time to time after considering all relevant factors including the

financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

Husband argues that the trial court abused its discretion in awarding attorney fees because some of the fees are for attorney services rendered in appealing the issue of attorney fees and the sale of the marital home, matters not related to the dissolution proceedings and beyond the scope of § 452.355.1. Additionally, husband claims that the trial court erred in awarding any attorney fees because the court did not give due consideration, as required by § 452.355.1, to the financial resources of the parties as well as wife's conduct. Husband directs this court to the following facts as support for his appeal: wife recently purchased a new car, she claims three relatives as dependents for income tax purposes, she has been able to pay substantial attorney fees, and wife's financial condition has improved while the husband's financial condition has become worse.

"The award of attorney's fees is within the sound discretion of the trial court and will not be overturned absent a manifest abuse of discretion." *May v. May,* 801 S.W.2d 728, 734 (Mo.App.1990). The trial court is an expert as to the necessity, reasonableness, and value of attorney fees. *Id.* "The trial court's ruling concerning attorney's fees is presumptively correct." *Brandt v. Brandt,* 794 S.W.2d 672, 674 (Mo.App.1990).

The record reveals that wife's attorney fees relate to services performed in defending appeals, enforcing court orders, and other matters related to the dissolution proceedings. Section 452.355 specifically "allows an award of attorney fees for maintaining or defending relevant actions."

*Flach v. Flach,* 645 S.W.2d 718, 721 (Mo. App.1982). Additionally, wife's attorney fees were $21,916.50. The trial judge awarded $8,816 plus expenses. Accordingly, this court can logically assume that any amount sought by wife which may not have been within the scope of § 452.355 was not awarded and is included in the unawarded portion of the fees. *Id.* at 722. Therefore, the attorney fees award is for services prescribed by § 452.355.

As to the amount of attorney fees awarded, the trial court did not abuse its discretion by awarding $8,816 plus expenses as attorney fees. " 'One factor to consider in awarding attorney fees to a party is the extent to which the other party's conduct required the expense of attorney's fees.' " *Podrecca v. Podrecca,* 794 S.W.2d 329, 332 (Mo.App.1990) (quoting *T.B.G. v. C.A.G.,* 772 S.W.2d 653, 655 (Mo. banc 1989)). Evidence was presented regarding the time and work which the wife's attorney performed. The award is reasonable considering the record on appeal, which reflects an extensive number of court hearings, motions, contempt charges, writ applications, and other proceedings. *Mitchell v. Mitchell,* 711 S.W.2d 572, 576 (Mo.App.1986). Furthermore, contrary to husband's assertions, the court's examination of the record does not show misconduct on the part of wife with respect to the sale of the marital home or the filing of documents.

The trial court did not abuse its discretion in requiring the husband to pay the attorney fees. The husband earned $31,586 in 1988 and the record is void of any evidence that his income has decreased since then. The wife's 1988 and 1989 income tax returns report incomes of $19,528 and $11,420, respectively. The husband has failed to rebut the presumption that the order awarding attorney fees is correct. *Brandt,* 794 S.W.2d at 674. The husband's appeal is denied.

## II. WIFE'S APPEAL

Wife raises two points on appeal. She first claims that the trial court and this court lack jurisdiction regarding husband's motion to modify the maintenance pay-

ments because service of process was not properly effected. Wife claims for her second point that the trial court erred in terminating maintenance because the record is devoid of evidence that a changed circumstance exists which is so substantial and continuing as to make the terms of the decree unreasonable.

Wife waived any argument she may have had regarding the trial court's lack of personal jurisdiction. Rule 55.27(g)(1) states that a party waives the defense of lack of jurisdiction if the party filed a motion in the circumstances described in Rule 55.-27(f) and failed to raise the defense. Rule 55.27(f) prescribes: "If a party makes a motion under this Rule but omits therefrom any defense or objection then available to him which this Rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted...."

■ Husband filed his motion to modify the maintenance award on February 19, 1988. Subsequently, he filed an amended motion to modify on August 22, 1988. Wife contends this amended motion was not properly served upon her. However, wife waived this defense by not including it in her motion to dismiss and suggestions in support filed on August 29 and October 6, 1988, which were filed after husband's amended motion. The first time wife questioned the propriety of service was almost two years later in her second motion to dismiss, filed May 7, 1990. Several hearings regarding husband's motion to modify occurred prior to wife's objection to the trial court's jurisdiction, and the record reflects that wife failed to question the trial court's jurisdiction at those times. Additionally, wife did not adequately detail her defense and the facts supporting her proposition in her second motion. Finally, wife admits in her appellate brief to having notice of husband's motion to modify the divorce decree. Therefore, wife waived any defense of lack of jurisdiction by filing her motions to dismiss without specifically raising the defense. *Taylor v. Taylor*, 742 S.W.2d 630, 631 (Mo.App.1988).

■ Wife argues for her second point that insufficient evidence was presented to permit modification of the maintenance award pursuant to § 452.370, RSMo Supp. 1990, which requires a change in circumstances so substantial and continuing that the original maintenance award has become unreasonable. Specifically, she states that her reemployment is not a substantial change in circumstances to warrant the trial court's termination of maintenance. Wife also claims that her physical condition has not changed since the divorce decree, which should also preclude the maintenance termination.

■ An order modifying a maintenance award will be reversed "only when the order is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law." *Wilburn v. Wilburn*, 801 S.W.2d 78, 79 (Mo.App.1990). The husband, as the moving party, has the burden of proving that a change in circumstances so substantial and continuing exists that the original maintenance award is unreasonable. *Id.*

The trial judge in the original dissolution proceeding provided maintenance to wife because wife's "present physical condition prevents her from seeking or holding gainful employment, and therefore a maintenance order ... is necessary and appropriate." The trial court in the modification proceeding found that wife "has recovered from her physical impairment that formed the basis for the order of maintenance." Wife testified that she has been employed since the divorce decree, earning $19,528 in 1988 and $11,420 in 1989. Husband has demonstrated that a substantial and continuing change in circumstances exists. However, the maintenance award should not be terminated.

When the trial court awarded maintenance in the dissolution proceeding, it obviously expected the wife to supplement the maintenance because she could not reasonably be expected to live on $600 per month. *In re Marriage of Bell*, 720 S.W.2d 33, 34 (Mo.App.1986). The court in *Bell* was faced with a similar situation where the

wife had been awarded maintenance due to a medical condition which prevented immediate employment. *Id.* The wife in *Bell* eventually overcame her medical condition and soon became employed. *Id.* However, the *Bell* court refused to terminate the wife's maintenance even though she overcame the physical impairment and attained full-time employment. *Id.* That court stated "[t]he trial judge who heard the dissolution obviously contemplated that [the wife] would need income in addition to maintenance as she could not be expected to live on $350 a month." *Id.*

Wife in the present appeal was not expected to live on $600 a month and some supplemental income was contemplated by the trial judge in the dissolution proceedings. Termination of the maintenance would be contrary to the purpose of § 452.-335, RSMo Supp.1990. "The object of maintenance is to assist the spouse who is unable to be self-supporting through appropriate employment." *Schofer v. Schofer,* 780 S.W.2d 69, 71 (Mo.App.1989). In the present appeal, wife will be able to support herself when maintenance is added to her earnings.

"Courts must balance the ability to pay maintenance against the reasonable needs of those seeking maintenance." *Wilburn,* 801 S.W.2d at 80. Husband's financial condition has not substantially changed since the dissolution proceedings. His 1988 income tax return indicates he earned $31,-586, and the record shows no change since 1988. Accordingly, husband still has the financial ability to pay maintenance.

Wife is not self-sufficient without the assistance of maintenance. *Bell,* 720 S.W.2d at 34. The trial court determined that wife had average gross earnings of $1,200 per month. Wife has monthly expenses totalling $1,180. After adjusting wife's monthly income for income taxes, the sum of $275 per month in maintenance will allow wife to support herself when added to her earnings. *Schofer,* 780 S.W.2d at 71.

The judgment terminating maintenance is reversed and this cause is remanded with direction to enter judgment to modify the amount of maintenance from $600 per month to $275 per month. The judgment awarding attorney fees is affirmed.

All concur.