**Janet BROWN, Plaintiff-Respondent,**

v.

**Charles T. BROWN, Defendant-Appellant.**

**No. 36370.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 18, 1976.

---

Rendlen, Rendlen and Ahrens, Clifford H. Ahrens, Hannibal, for defendant-appellant.

James Millan, McIlroy & Millan, Bowling Green, for plaintiff-respondent.

STEWART, Judge.

Defendant appeals from a judgment of the trial court upon motions to modify a decree of divorce. Plaintiff and defendant were divorced in May of 1971, at which time the court made allowances for alimony and for child support. Defendant had filed a motion seeking to eliminate the payment of alimony, now maintenance, and for a reduction in child support. Plaintiff filed a motion seeking increases in both maintenance and child support. The court entered judgment reducing the amount of maintenance to be paid to plaintiff from $50.00 per week to $25.00 per week and reducing the child support from $75.00 per week to $50.00 per week. Plaintiff did not appeal.

Defendant contends that under the evidence in this case the allowance of maintenance for plaintiff should have been terminated. He also contends that the modification should be made effective as of the date of the filing of the motion to modify and not the date the judgment was entered. Defendant does not question the court's judgment as to child support.

By the original decree plaintiff was awarded custody of the two minor children of the marriage and defendant was ordered to pay plaintiff the sum of $50.00 per week as alimony and $75.00 per week for support of the two minor children.

At the time of the divorce decree defendant's take home pay was $244.00 per week. At that time the parties owned a farm worth $7,000 to $10,000 and a home. The home was sold after the divorce and the proceeds were divided between them. Defendant's net worth at the time including the interest in the real estate was $69,000. In 1972 he went into the laundry and dry cleaning business in Louisiana, Missouri, using a large portion of his assets and a loan of $92,000 from a bank. Early in 1973 there was a natural gas shortage which temporarily caused the business to lose between thirty to forty percent of its volume. In March and April of the same year, the City of Louisiana experienced two floods that closed defendant's business for six and one-half weeks and thereafter prevented full operation for another four weeks. The second flood did considerable damage to the machinery, fixtures, and equipment essential to the business. The defendant was required to obtain a $17,000 Small Business Administration flood disaster loan to repair the damage and to invest another $18,000 of his funds in the business. He quit his job in order to devote his full energy to saving the business. In 1973, the laundry lost over $19,000. In the first one and one-half months of 1974 it lost $1,200.

At the time of the hearing defendant had a negative net worth of over $41,000. His monthly payments for outstanding business loans were $1,010.

Plaintiff, at the time of the hearing, was studying interior design at the University of Missouri. She was to receive her Bachelor's Degree in May 1974. It was her intent to continue in school and obtain a Master's Degree. She was living rent-free with her parents who were purchasing $35 worth of clothing per month for the two children and providing her with a maid. The plaintiff valued her net assets at approximately $22,000.

Both parties presented evidence with respect to their monthly personal expenses. Plaintiff's evidence was to the effect that she required $535.00 to cover her needs and $377.50 for the children. Defendant's evidence was that he, for himself and for his mother, needed $830.81, plus his maintenance and support obligations of $541.00, a total of $1,311.81. A review of each of the items will serve no useful purpose.

The motions to modify which were filed on July 11, 1973, and August 22, 1973, were heard on February 20, 1974. As agreed by the parties this proceeding is governed by the Dissolution of Marriage Act § 452.300[1] et seq. which became effective January 1, 1974.

The governing statute is § 452.370; the pertinent portion reads as follows:

"Except as otherwise provided in subsection 6 of section 452.325, the provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification and only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable."

The scope of our review is governed by Supreme Court Rule 73.01(3). We are to review the law and the evidence and enter such judgment as the trial court should have entered giving due deference to the trial court's opportunity to judge the credibility of the witnesses. *In re Marriage of Powers*, 527 S.W.2d 949, 954 (Mo.App. 1975). However, the determination of the amount of alimony, now maintenance, is a matter resting in the sound discretion of the trial court which we will not disturb absent an abuse of that discretion. *Biggs v. Biggs*, 397 S.W.2d 337 (Mo.App.1965).

The defendant here did suffer severe financial reverses. However, the plaintiff's needs had not diminished as of the time of the hearing. The ability of defendant to meet his needs while meeting those of the plaintiff is still one of the elements to be considered in determining

the amount of maintenance § 452.335(2)(6). An award should not exceed the husband's capacity to provide. *McM v. McM*, 506 S.W.2d 14, 16 (Mo.App.1974). In determining defendant's capacity to pay both his past and present earnings are evidence of such capacity. *Page v. Page*, 516 S.W.2d 537, 540 (Mo.App.1974). The court did grant some relief to the defendant in this case. Under the circumstances of this case we cannot say that the judgment is clearly against and contrary to the facts. We find no abuse of discretion in this case so far as the allowance to plaintiff is concerned. *Murray v. Murray*, 538 S.W.2d 587, Mo. App., St.L.Dist. # 37,076 (April 13, 1976).

The next matter is not easy of solution. Defendant contends that under the circumstances of this case the court should have made the decree effective as of the date he filed the motion to modify, which was July 11, 1973. The cause was not heard until February 20, 1974. The cause was then taken as submitted on that date. Judgment was rendered on June 17, 1974, as follows:

"Motions to modify, previously taken under advisement, are sustained insofar as to reduce the award of alimony from $50.00 per week to $25.00 per week and to reduce the award of child support from $75.00 per week to $50.00 per week and it is so ordered. Said motions to modify are ordered denied in all other respects. Counsel notified."

By Section 452.370, as quoted above, the court may modify the decree of maintenance as to installments accruing after the motion for modification. The statute is a codification of the case law holding that the court may not provide that the decree become effective prior to the date the motion to modify was filed. *Hughes v. Wagner*, 303 S.W.2d 181 (Mo. App.1957); *Nelson v. Nelson*, 282 Mo. 412, 221 S.W.2d 1066, 1069[8] (Mo. banc 1920). The determination of the effective date of the decree, at a given time subsequent to the date of filing, is a matter within the

---

**1.** All Statutory References are to R.S.Mo.Supp. 1973, unless otherwise indicated.

438 ■

discretion of the trial court. As with all discretionary matters we defer to the trial court, absent a clear abuse of that discretion. *Anderson v. Robertson,* 402 S.W.2d 589, 593[3, 4] (Mo.App.1966); *Biggs v. Biggs, supra.* While the motion to modify filed on July 11, 1973, contained allegations of substantial change in circumstances, the evidence presented at the hearing more clearly reflects the condition of the parties as of the date of the hearing February 20, 1974. Under the circumstances we cannot say that the court abused its discretion in not providing that the decree be effective as of the date the motion to modify was filed. However, the more disturbing problem, is the question of whether the effective date of the decree in this case should be the date of hearing and submission or the date of the decree, four months later. The general rule is said to be that a decree is effective as of the date the judgment is entered. 49 C.J.S. Judgments § 113(e), p. 243.

In this case the cause was under submission for almost four months. This delay in no way reflects upon the able trial judge who tried this case. As alluded to by our Supreme Court recently, it is well known that the volume of cases filed in our courts is ever increasing. *Shirrell v. Missouri Edison Co.,* 535 S.W.2d 446, Mo.1976. Heavy case loads do not permit the courts and litigants to enjoy the swift disposition of litigation which they desire. The evidence of substantial change in defendant's circumstances was established as of the date that the case was heard and finally submitted, February 20, 1974.

■ In considering the question of when the modification of a monetary award should be effective, we take cognizance of the fact that although actions for divorce, now dissolution, and ancillary proceedings are statutory actions at law they are nevertheless tried and disposed of upon equitable principles. *Franklin v. Franklin,* 283 S.W.2d 483, 485[6] (Mo. banc 1955); *Fawkes v. Fawkes,* 204 S.W.2d 132, 134 (Mo.App. 1947).

■ In framing decrees in cases of an equitable nature the courts exercise a broad discretion and should render "such relief as the nature, rights, facts, and exigencies of the case demand at the close of the trial or at the time of the making of the decree." 27 Am.Jur.2d Equity § 249 p. 818.

■ All of the facts warranting the relief granted in this case were established at the latest as of the date of the hearing and submission. The statute governing this case authorizes the court to enter a judgment which could be effective as early as the date upon which the motion to modify was filed. We are reminded of the old adage that "justice delayed is justice denied." We feel that where, as here, it is possible to alleviate the effect of unavoidable delay it should be so decreed.

We are of the opinion that under circumstances such as those before us, nothing more appearing, the modification with respect to monetary awards should be effective at the latest as of the date of the hearing.

The judgment of the trial court is modified to be effective as of February 20, 1974, and as modified the judgment is affirmed.

CLEMENS, P. J., and KELLY, J., concur.