In re the MARRIAGE OF Mary Lou KELLY, Respondent,

and

**Bruce Birk Kelly, Appellant.**

**No. WD 40721.**

Missouri Court of Appeals, Western District.

May 2, 1989.

367

Thomas M. Schneider, Columbia, for appellant.

David B. Rogers, Columbia, for respondent.

Before NUGENT, P.J., and SHANGLER and CLARK, JJ.

NUGENT, Presiding Judge.

Bruce Kelly appeals from the court's order reducing his monthly maintenance obligation from $900 to $450. He argues on appeal that the court erred in failing to further reduce the amount and in failing to make the reduction retroactive to the date of his petition. We affirm.

Bruce Kelly and respondent Mary Lou Kelly divorced in March, 1984. The court adopted the couple's separation agreement, which called for Mr. Kelly to pay a $900 monthly maintenance payment as well as a monthly life insurance premium of $87. Mr. Kelly made no maintenance payments after October of 1984. His accrued arrearage on that obligation totaled approximately $40,000 at the time the hearing court entered its March 8, 1988, modification order.

From 1977 to 1984 Mr. Kelly served as the president of Columbia college. His compensation package there amounted to $64,000 annually. At the time of the March, 1984, decree Mr. Kelly had already tendered his resignation from that post, effective June 1, 1984.

Mr. Kelly's subsequent entry into the employment market yielded less than favorable results. His opportunity for an executive position with McDonnell–Douglas in St. Louis collapsed when federal funding for his proposed position failed to materialize. In the meantime he kept a number of resume's in circulation to prospective employers in executive and educational fields. His investment in and management of a coin-operated laundry and a skating rink ended in personal bankruptcy. A subsequent entry into the securities field terminated after he failed the broker's examination. Successful completion of the insurance examination resulted in his employment as a insurance agent at the time of the modification hearing. He testified that he had turned down no job offers since he left Columbia College.

Mrs. Kelly enjoyed little more success on the job market than Mr. Kelly. She holds a bachelor's degree and a teacher's certificate. At the end of her marriage to Mr. Kelly, she worked briefly in a dress shop. Later she worked in a real estate office, a retirement community, an excavation company and a jewelry store. She then concentrated solely on her teaching career. At the time of the modification hearing, her last work had been part-time as a substitute teacher. In the meantime, she sought a full-time teaching position. Mrs. Kelly had earlier turned down a full-time teaching position because she believed she was going to receive an offer for a more favorable job. That position did not materialize.

The court found Mr. Kelly's income to be approximately $12,500 in 1985, $29,000 in 1986, and $12,000 in 1987. He grossed $375 weekly from his position with the insurance agency, but testified that he would soon earn only commissions. He has remarried and shares expenses with his new wife. The court listed Mrs. Kelly's

average monthly income at $748 with monthly expenses of $1,654. Her income includes $225 monthly rental from her duplex.

The court concluded that because Mr. Kelly's resignation was pending at the time of the original decree, his departure from Columbia College did not constitute a change in circumstances. It attributed at least part of Mr. Kelly's reduction in income to his decision to accept employment for which he is not trained and which does not reflect his earning capacity. The hearing court further concluded that Mrs. Kelly's needs have not decreased nor has her income increased. As it found with Mr. Kelly, the court concluded that Mrs. Kelly's current employment did not reflect her full earning capacity. Finally, the court entered an order, effective March 8, 1988, reducing the monthly maintenance payment from $900 to $450. From that order, Mr. Kelly now appeals.

Mr. Kelly contends in his first point that the court erred in reducing his monthly maintenance obligation by only $450. He argues that the court should not have imputed an income greater than his present earnings and that its finding of greater earning capacity was against the weight of the evidence. The court noted that Mr. Kelly had already tendered his resignation from Columbia College at the time he entered the separation agreement. It concluded that his current employment difficulties are at least in part a result of choice and, therefore, his reduced earnings do not amount to changed circumstances. Nevertheless, the court entered its order reducing the maintenance obligation to $450 per month.

We first note the inconsistency between the court's finding of no change in circumstances and its order reducing the maintenance obligation. Section 452.370 [1] provides for modification of decretal obligations "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." Nevertheless, inasmuch as the record shows a sufficient change in the parties'

circumstances since the time of the original decree to warrant a modification, we find no grounds for reversal. If the court below reaches the correct result, we will affirm its decision even if it bases that decision on an incorrect interpretation of the law. *See Dobyns v. Dobyns,* 650 S.W.2d 701, 705–06 (Mo.App.1983); *In re Marriage of Boulch,* 645 S.W.2d 374, 375 (Mo.App. 1983).

■ Mr. Kelly argues, however, that the court should have further reduced his maintenance obligation. The evidence in the record supports the hearing court's finding that Mr. Kelly's current financial woes arose at least in part from his choice to resign from Columbia College. Therefore, the court had the discretion to impute an income greater than his current earnings. *See Foster v. Foster,* 537 S.W.2d 833, 836 (Mo.App.1976). It also found that Mrs. Kelly had refused employment suitable to her training and experience. That finding supported its decision to reduce the maintenance award. *See Markowski v. Markowski,* 736 S.W.2d 463, 466 (Mo.App. 1987) (wife's failure to seek suitable employment supported decision to terminate maintenance). Even had Mrs. Kelly accepted the available teaching position, however, she would have still faced a significant gap between her income and her expenses. Under those circumstances, we find no abuse of discretion in the court's failure to reduce the monthly maintenance obligation below $450.

■ In his second point, Mr. Kelly argues that the court abused its discretion in failing to order the maintenance modification to take effect as of the date of his motion. He filed his motion to modify in November of 1985. A number of factors, including his inability to obtain service on Mrs. Kelly, his inability to comply with a discovery request, and counsel's ill health delayed the modification hearing until March 8, 1988. The court entered its order on the date of the hearing, effective as of that date. In the meantime the nearly

**1.** All sectional references are to Revised Statutes of Missouri, 1986, unless otherwise indicated.

$12,000 arrearage that existed before the motion to modify grew to nearly $40,000.

Section 452.370.1 allows the court to modify all maintenance obligations accruing after the date a motion to modify is filed. *Brown v. Brown*, 537 S.W.2d 434, 437–38 (Mo.App.1976), held that the effective date of the modification order is a matter within the sound discretion of the hearing court. In *Brown*, the husband filed his motion on July 11, 1973, the hearing took place on February 20, 1974, and the hearing court entered its order on June 17, 1974, effective as of that date. The court of appeals, noting the four month delay between the hearing and the order and finding that the changed circumstances had been established as of the hearing date, modified the order to take effect as of February 20, 1974. *Id.* at 438.

Here the court issued its order on the date of the hearing, That distinguishes the instant case from *Brown*. None of the delay can be attributed to the hearing court. Moreover, the ultimate cause of the arrearage may be traced to Mr. Kelly's failure to make payments. Nothing in the record indicates that he has made even a partial payment toward his maintenance obligation since October of 1984. We find no abuse of discretion in the court's decision to modify the decree as of the date of the hearing.

Accordingly, we uphold the hearing court's decision.

All concur.