**Norma L. KINDER, Respondent,**

v.

**Jack A. KINDER, Appellant.**

No. WD 41243.

Missouri Court of Appeals,
Western District.

Oct. 10, 1989.

Roger P. Krumm, Fulton, for appellant.

Gary L. Stamper, Bear, Hines, Thomas, Dierkes, and Stamper, Columbia, for respondent.

Before GAITAN, J.P., and MANFORD and ULRICH, JJ.

ULRICH, Judge.

Jack A. Kinder appeals from the decree of dissolution ordered by the Circuit Court of Boone County. His thirty-five year marriage to Norma Kinder was dissolved by the trial court October 5, 1988, after a separation of about one year. The three children born of the marriage were emancipated, and the parties agreed to a disposition of marital property and debt shortly before the hearing. The court divided the marital property in accordance with the parties' agreement. Three issues were tried by the court: ownership of a cause of action against Mr. Kinder's employer and whether Mrs. Kinder was entitled to maintenance and attorney fees. The court's judgment awarded the cause of action to Mr. Kinder and requires Mr. Kinder to pay to Mrs. Kinder $1,500 as attorney fees and $1,200 per month as permanent maintenance.

Mr. Kinder appeals the awards of maintenance and attorney fees to Mrs. Kinder. The judgment is reversed and remanded for findings in accordance with this opinion.

Mr. Kinder claims the court abused its discretion by awarding Mrs. Kinder $1,200 per month permanent maintenance because Mrs. Kinder can receive sufficient money to meet her needs from her employment income and interest realized from investment of her marital property award. Mr. Kinder also avers that because he was unemployed when the court rendered its opinion, the maintenance award insures a deficiency of funds to satisfy his own needs.

The trial court's judgment will be sustained unless: (1) substantial evidence does not support the judgment; (2) the judgment is against the weight of the evidence; or (3) the judgment erroneously declares or (4) misapplies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The record is devoid of substantial evidence to support the court's award of maintenance and attorney fees.

To be entitled to maintenance, the spouse petitioning for maintenance must: (1) lack sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and (2) be unable to support himself through appropriate employment. § 452.335.1, RSMo Supp.1988. *In re Marriage of K.B.*, 648 S.W.2d 201, 205 (Mo.App.1983). The court found that Mrs. Kinder was unable to fully support herself with income produced from the assets awarded to her and her own earnings. This finding is supported by substantial evidence.

Evidence presented established that Mrs. Kinder had no assets other than those

awarded as marital property. She was awarded $24,550 as one-half of the proceeds from the sale of the marital home, after the court determined the amount needed to liquidate the marital debt and provided for satisfaction of the debt. She was also awarded a $97,500 interest in Mr. Kinder's pension, one-half of its stipulated value, which she was to receive within sixty to ninety days in satisfaction of a judgment against Mr. Kinder awarded by the court for the purpose of effecting the transfer of the sum to Mrs. Kinder. Excluding the automobile and furniture awarded to her, Mrs. Kinder has assets of approximately $122,050. Mr. Kinder received equal amounts from the proceeds of the sale of the marital house and from his pension fund, a $5,000 IRA, and an extra $2,500 as reimbursement for the parties' youngest daughter's college expenses paid by him during the separation. The only evidence of the ability of Mrs. Kinder's assets to produce income was Mr. Kinder's testimony that her share of the marital property in "any sort of investment is going to produce a thousand dollars a month." There was no further testimony about the possible return on the capital. Furthermore, Mrs. Kinder testified that she hoped to use the proceeds from the sale of the marital home for the down payment on a house of her own, which reduced the amount of income producing capital. *See, Probstein v. Probstein,* 767 S.W.2d 71, 74 (Mo.App.1989). Mrs. Kinder testified that she requires approximately $1,790 per month to maintain her current standard of living. One thousand dollars per month interest income would be insufficient to provide for her reasonable needs. Therefore, Mrs. Kinder lacks sufficient property to provide for her reasonable needs. § 452.335.1(1), RSMo. Supp.1988.

Mrs. Kinder had not worked full time since the birth of the parties' first child in 1954. She obtained a part time real estate sales job beginning in 1978. Since obtaining the part-time job, Mrs. Kinder never earned more than $7,100 in any one year and, at the time of trial she had earned approximately $5,000 in the first nine months of 1988. She worked "five to six hours a day," and she testified that she was healthy and capable of working full time. However, Mrs. Kinder expressed anxiety concerning her ability to produce sufficient income to satisfy her financial needs by selling real estate. No evidence was introduced of Mrs. Kinder's projected income if she worked full time, except for Mr. Kinder's statements that she could make "many, many thousands of dollars a month," which he revised to "at least $1,500 a month." The court did not find Mr. Kinder's testimony on this issue credible. Apparently the court found Mrs. Kinder's income to be approximately $600 per month ($5,000 divided by nine months). Expenses of $1,800 per month less income of $600 per month results in a deficit of $1,200 per month, equivalent to the maintenance awarded by the court. Even if the income from the marital property amounted to $1,000 per month, that and her salary would still leave her with a deficit of $200 per month. It is clear that Mrs. Kinder has met the threshold requirements of need, and that the court, therefore, had the authority to grant maintenance. § 452.335.1, RSMo. Supp.1988.

Once the threshold requirements have been met, the court must consider all relevant factors enumerated in § 452.335.2, RSMo Supp.1988. *Stoerkel v. Stoerkel,* 711 S.W.2d 594, 596 (Mo.App.1986). They are Mrs. Kinder's ability to satisfy her needs independent of an award, and the ability of Mr. Kinder to satisfy his own needs while paying maintenance. § 452.335.2(1) and (8). The court's award is not supported by substantial evidence regarding these two factors, and the award of maintenance was not "made within a reasonable tolerance of proof." *Trunko v. Trunko,* 642 S.W.2d 673, 676 (Mo.App. 1982), (citing *Hall v. Hall,* 553 S.W.2d 864, 869 (Mo.App.1977)).

The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently is the first factor for consideration under § 452.335.2, RSMo Supp.1988. It has been established that Mrs. Kinder's expenses exceed her

income from both property and employment. However, the court failed to consider the investment income when figuring maintenance. Mrs. Kinder's total liquid assets amount to $122,050, excluding her car (a 1986 Oldsmobile) and the furniture. She was debt free after the trial. It is not necessary that she dissipate her share of the marital property division before she is entitled to maintenance. *Arnold v. Arnold*, 771 S.W.2d 914, 916 (Mo.App.1989). However, a reasonable expectation of investment income should be considered when determining an appropriate maintenance award. The only evidence regarding the amount of interest income receivable from the property is Mr. Kinder's bare statement that Mrs. Kinder could earn $1,000 a month from investing her portion of the marital property; Mr. Kinder's statement assumes a return of approximately ten percent per annum if Mrs. Kinder's entire share of the marital property division were invested. While such a return might be realized, Mr. Kinder's statement is unsupported by sufficient foundation. *Weiss v. Weiss*, 702 S.W.2d 948, 957 (Mo.App.1986). The court's failure to consider investment income as a part of Mrs. Kinder's total income was error. *Burrus v. Burrus*, 754 S.W.2d 882, 885 (Mo.App. 1988), (citing *In re Marriage of Pitluck*, 616 S.W.2d 861 (Mo.App.1981)).

■ Section 452.335.2(8) mandates that the trial court consider "[t]he ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance." At the time of trial, Mr. Kinder had no employment income having just lost his job as secretary of the Missouri State Teachers Association. That job paid $82,500 per year, plus benefits. He testified that most similar jobs paid $30,000 to $35,000, but there are few such jobs. Because he is 55 years old, and his former job was of a unique nature, it is unlikely that he could obtain another job at $82,500 per year. It is true that income can be imputed to a spouse who is unemployed, or whose current employment does not reflect his full earning capacity. *In re Marriage of Kelly*, 769 S.W.2d 466, 468 (Mo.App.1989); *Roark*

*v. Roark*, 694 S.W.2d 912, 914 (Mo.App. 1985). Such inferences are usually reserved for situations where the spouse is voluntarily unemployed or has chosen to be underemployed. *Mastin v. Mastin*, 709 S.W.2d 545, 548 (Mo.App.1986); *Foster v. Foster*, 537 S.W.2d 833, 835 (Mo.App.1976). Mr. Kinder's job was terminated involuntarily.

■ Evidence of Mr. Kinder's expenses is deficient. He said his expenses remained consistent with his pre-trial statement of expenses totaling $5,490; however, trial testimony suggests that Mr. Kinder's expenses may be $2,260 per month. With expenses of $2,260 per month, Mr. Kinder would require a gross income of greater than $42,000 per year to be able to meet his own needs and pay the court-ordered $1,200 per month maintenance.

The following additional uncontradicted evidence was before the court: Mr. Kinder made $82,500 per year in the year prior to the trial; he had been involuntarily fired from that job and was unemployed; and the jobs available in his field paid between $30,000 and $35,000. *Compare K.B.*, 648 S.W.2d at 206. A finding that Mr. Kinder could afford to pay maintenance of $1,200 was not supported by substantial evidence. However, from the scant evidence adduced, it is entirely too speculative to make a finding based upon the record. It is, therefore, necessary to remand the case for further findings on Mr. Kinder's ability to pay maintenance.

When considering all of the statutory factors, the trial court must balance the spouse's ability to pay against the reasonable needs of the spouse seeking maintenance. *Green v. Green*, 770 S.W.2d 489, 491 (Mo.App.1989). To warrant appellate interference, the amount of maintenance must be patently unwarranted and wholly beyond the means of the spouse who pays. *Bull v. Bull*, 634 S.W.2d 228, 229 (Mo.App. 1982). In this case, the evidence of Mrs. Kinder's needs must be considered along with her potential investment income. The evidence of Mr. Kinder's income and expenses is inconclusive at best, and general-

ly left wanting. It was his burden to demonstrate on appeal that the trial court had abused its discretion, and he has met that challenge. *Bull*, 634 S.W.2d at 229. It is clear that the record does not support the inference that Mr. Kinder can afford to pay $1,200 per month and still meet his own needs.

Mr. Kinder's second claim is that the trial court erred in awarding Mrs. Kinder $1,500 in attorney fees. A spouse is not required to forego an award of attorney fees merely because she has sufficient assets to make payment herself. *Probstein*, 767 S.W.2d at 74. Other factors must be considered. *Newport v. Newport*, 759 S.W.2d 630, 636 (Mo.App.1988). This is an issue which hinges upon the ability of the spouses to financially bear the cost. § 452.355, RSMo Supp.1988. Because it is unclear what the financial abilities of Mr. Kinder are, this issue is also remanded for further findings. *Parker v. Parker*, 744 S.W.2d 469, 472 (Mo.App.1987).

Modification of the judgment by an appellate court is favored where no further factual adjudication is necessary. *Roark*, 694 S.W.2d at 914, (citing *Steinmeyer v. Steinmeyer*, 669 S.W.2d 65, 68 (Mo.App. 1984)). In this case, it is impossible to determine what Mr. Kinder's income might be. Because the findings are lacking and it does not appear that there is any reasonable construction of the evidence which will support the award made by the trial court, the awards of maintenance and attorney fees are reversed, and the case is remanded, for additional evidence of Mr. Kinder's ability to provide for his needs and the needs of Mrs. Kinder, for findings upon the evidence, and for an award of maintenance and attorney fees to Mrs. Kinder in accordance with this opinion.

Judgment reversed and remanded.

All concur.