Marlene Ann **SCHOFER**, Respondent,

v.

Richard C. **SCHOFER**, Appellant.

No. WD 41507.

Missouri Court of Appeals, Western District.

Oct. 17, 1989.

As Modified on Denial of Rehearing Nov. 28, 1989.

Nanette K. Laughrey, Columbia, for appellant.

Carlyle Foley, Columbia, for respondent.

Before SHANGLER, P.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Richard Schofer filed a motion to modify the amount of maintenance contained in the decree dissolving his marriage to Marlene Schofer. The court denied modification.

Richard contends the judgment is against the weight of the evidence because there was evidence of changed circumstances of a substantial and continuing nature. Reversed and remanded.

The marriage of Richard and Marlene was dissolved on March 6, 1985, and Richard was ordered to pay $1150 in maintenance to Marlene. Maintenance was the only payment ordered because the three children were emancipated. At the time the dissolution was granted Marlene was unemployed and had been for much of the 30 years of marriage. However, the last few years of the marriage she had worked part-time for less than minimum wage. For the tax year prior to the dissolution Marlene showed a gross income of $241 per month.

At the dissolution hearing Marlene testified that she intended to seek full-time employment and thought she could earn $3.75 per hour. During closing argument in the dissolution hearing, Marlene's counsel stated that she had stayed home during most of the marriage, had not acquired any particular skills, and was 52 years old. He stated that she was being thrust out into the job market with limited earning ability and job skills. Counsel also mentioned that Marlene had some medical problems.

Subsequent to the dissolution Marlene obtained a job at the University of Missouri, as a secretary, in which her net income is $855 per month.[1] In addition she receives interest income of about $21 per month.

Marlene submitted an account of her living expenses during the modification hearing which showed monthly expenses of $1607. Her total income, including the $1150 in maintenance, is $2026 per month.

The court found that it was contemplated, at the time of the dissolution, that Marlene would obtain a full-time job. The court found that the evidence did not show a change of circumstance so substantial and continuing as to make the terms of the dissolution decree unreasonable.

1. In addition, Marlene has the fringe benefits of life, health, and dental insurance.

Richard contends the judgment refusing to modify the decree is against the weight of the evidence because Marlene conceded that she was earning $855 from her job and this was a change of circumstance which was substantial and continuing.

Marlene had worked at the University for ten months at the time of the modification hearing. This was a sufficient length of time to indicate that her job was permanent. There is no indication in the record that Marlene's medical problems prevent her from continuing in her job or that they are likely to prevent her from working in the foreseeable future. Thus, the question becomes whether or not, subsequent to the dissolution, Marlene's employment, with take home pay of $855 per month, constitutes a changed circumstance from when she was working part-time and earning less than minimum wage at the time of dissolution and did not anticipate earning more than that after the dissolution.

█ There can be no dispute that Marlene's take home pay of $855 is substantially more than the average of $241 per month which she grossed prior to the dissolution. There also can be no doubt that at the time the dissolution was entered the court contemplated that Marlene would try to obtain full-time employment, with little if any hope of earning more than the minimum wage. Under these facts it is clear that there has been changed circumstances that are so substantial and continuing as to make the terms of the dissolution decree unreasonable. In that respect the judgment of the court denying the modification is against the weight of the evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

█ The ultimate goal of the Dissolution of Marriage Act is to place each of the former spouses in an independent, self-sufficient status. *Fausett v. Fausett*, 661 S.W.2d 614, 618[4, 5] (Mo.App.1983). In this case, Marlene is not in a self-sufficient status without any maintenance. However, at the present time, she is realizing $419 per month over and above her living expenses. As stated in *Fausett*, the object of the Dissolution Act is not to create a

future estate under the guise of maintenance. *Id.* The object of maintenance is to assist the spouse who is unable to be self-supporting through appropriate employment. Section 452.335, RSMo Supp.1988. In this case the sum of $750 per month in maintenance will enable Marlene to support herself when added to her earnings.

The court erred in failing to find a change of circumstance and in failing to reduce the amount of maintenance.

It is not necessary to reach the question of whether or not the voluntary retirement of Richard constitutes a change of circumstance, in view of the finding that Marlene's substantial earnings constitute a sufficient change to warrant modification.

The judgment is reversed and this cause is remanded with direction to enter judgment to change the amount of maintenance from $1150 per month to $750 per month. The effective date of such reduction is within the discretion of this court. *Brown v. Brown*, 537 S.W.2d 434, 438[10] (Mo. App.1976). This court finds that under the facts of this case the reduction shall be effective November 6, 1989.

All concur.

## ON MOTION FOR REHEARING

PER CURIAM.

Richard has filed a motion for rehearing contending that this court should have undertaken a complete re-examination of the question of imputing income to persons who take early retirement. Richard particularly attacks the holding in *Hughes v. Hughes*, 761 S.W.2d 274 (Mo.App.1988), which held that income may be imputed to a person who has taken early retirement.

Richard took early retirement at age 55. Prior to retirement Richard's net take home pay was $2,550.82 per month. After retirement he purchased a gift shop in Estes Park, Colorado with the expectation that it would produce $16,000 to $18,000 per year in income. Instead it produced $382 per month during the first year. During the summer of 1987 he employed two part-time ladies to run the shop who closed

at 5:30 to 6:00 p.m. each day when it should have been kept open until 9:00 p.m. In addition, Richard said that 1987 was a down year in Estes Park for business. The next year he planned to operate the business himself and keep the shop open longer hours.

Richard stated that after purchasing the gift shop he had income of $828 from his pension, $391 from investments and $348 from the gift shop which accounted for his total gross monthly income of $1567. He contends that $750 in maintenance is still excessive because it takes almost half of his monthly income. The difficulty with Richard's argument, and the reason this case does not present a factual situation which calls for a re-examination of the early retirement question, is the lack of evidence that Richard's income from the gift shop will continue at the low level existing at the time of the hearing on the motion. The prospect which he has is that the income should increase because of his personal attention and longer operating hours. Thus, the income from the gift shop of $382 per month was shown to be a temporary condition and for that reason this court will not consider that his total income is only $1567 per month. In that situation this court will not impute income but considers the proof insufficient to demonstrate that the income from the gift shop is only $382 per month.

Marlene has also filed a motion for rehearing contending that her living expense was stated to be $1607 when in fact it was $1765.55. Marlene overlooks the fact that she testified she no longer made a car payment of $158 per month which reduced her monthly expenses to the $1607 figure. She also contends that her monthly take home pay is $770.16 and not $855.00 as stated in the opinion. Omitted from her figure is $85 per month which she receives in a tax shelter.

The motions for rehearing are overruled.