Brenda Lee BAKER, Petitioner–
Respondent,

v.

John Michael BAKER, Respondent–
Appellant.

No. 17341.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 20, 1991.

W. Henry Johnson, Douglas, Douglas, Johnson & Wood, Neosho, for petitioner-respondent.

Douglas K. Crandall, John J. Podleski, Crandall & Dally, Carthage, for respondent-appellant.

MAUS, Judge.

John Baker and Brenda Baker's marriage of 13 years was dissolved on December 5, 1990. The couple had one child, John Curtis Baker, born July 11, 1981. Custody of the child was awarded to John and Brenda jointly, with Brenda to be the primary custodian. The value of marital and non-marital property awarded to Brenda was $21,728.46. The value of marital and non-marital property set aside to John was $21,316.77. John was ordered to pay Brenda $385.00 per month for child support. Also, he was ordered to pay her $450.00 per month maintenance for a period from December 1, 1990 through September 1, 1995 for her support. John appeals.

John's only point on appeal is

"[t]he trial court abused its discretion in awarding Brenda maintenance in that ... there was no evidence produced at trial to establish Brenda's inability to support herself or that custody of the minor child makes it appropriate that she not seek employment."

Following is a basic outline of the facts necessary for the disposition of this case. Brenda graduated from Neosho High School in 1974. After graduating from high school, she worked for a period of time at Wal–Mart and then as a clerk for Jon's Pharmacy. After that, she went to work for J.C. Penney where she met John. She worked there until she and John married on July 29, 1977. She quit because of the store rule forbidding married couples from working at the same store. Subsequently, she went to work for KBTN Radio, where she worked as a receptionist for about one year. In August of 1978, she quit KBTN Radio because her husband wanted her "to be a housewife". From August 1978 until approximately 1987,

Brenda had no outside employment. The parties agreed that Brenda was to stay home and raise their child until approximately 1987.

In 1987, after John requested that she obtain employment, Brenda took part-time employment with a funeral home in Neosho. Her duties included answering the phone, greeting people and doing occasional typing. She worked about 12 hours per week. In January of 1990, Brenda became employed as a part-time teacher's aid at Benton School in Neosho, Missouri. There she graded papers and assisted the teacher. Brenda's employment opportunities are limited due to a prolapsed mitral valve of the heart. As a result of physical problems, she is prohibited from taking any strenuous employment, such as factory work. She cannot stand on her feet for long hours nor can she work in the heat. She takes medication for her physical problems.

John's work history consisted of the following. He worked at J.C. Penney when the couple was first married. Next, he worked at Talbot Wire Industries. After he left Talbot, he worked at La-Z-Boy Midwest. Then he worked for Acme Manufacturing in Diamond. Subsequently, he started work for his current employer, Southwest Engineering Company, where he was promoted from machinist to supervisor of the machine shop in April of 1989.

In 1986, John made $27,405.00 and Brenda had no income. The 1987 income tax return was not available. In 1988, John's income amounted to $27,141.00 and Brenda's amounted to $1,338.00. In 1989, John's income was $31,054.00 and Brenda's was $1,367.00.

At the time of the trial, Brenda was a student at Crowder Junior College in Neosho. She is studying to be an elementary school teacher. Brenda obtained a Pell Grant and scholarship to pay for her college tuition and books. She works on a work-study program approximately 12 hours a month for minimum wage. She does not work more because she wants to spend time with her son and, additionally, she needs to maintain her grades to keep her grant and scholarship.

John argues that Brenda should not have been awarded maintenance because she has the ability to support herself out of property she received from the distribution. Moreover, he argues, she has the ability to find employment and support herself. He argues that, although she would prefer to do her homework and stay home with her son, she should obtain meaningful employment. His arguments have no merit.

The trial court has great discretion in awarding maintenance. An award of limited maintenance will be affirmed if there is any rational basis to support the decision. *Clark v. Clark*, 801 S.W.2d 95 (Mo.App.1990). Brenda's property primarily consists of an equity in her home, household goods and an interest in the 401(k) Plan which is not readily available to her. This is not income-producing property. Brenda was not compelled to deplete her property to be eligible for maintenance. *Barth v. Barth*, 800 S.W.2d 127 (Mo.App. 1990).

Brenda had but little work experience. She had no special skills or training. The statute governing the award of maintenance provides, in part:

"2. The maintenance order shall be in such amounts and for such periods of time as the court deems just, and after considering all relevant factors including:

\*     \*     \*     \*     \*     \*

(2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment[.]" § 452.335.2(2).

That statute also specifically authorizes the trial court to consider the fact the mother was the custodian of her child. § 452.335.-1(2). Considering these factors and other relevant factors, § 452.335.2(10), the trial court did not abuse its discretion in awarding Brenda maintenance. The judgment is affirmed.

FLANIGAN, C.J., and SHRUM, J., concur.