**Donald Hobart BYBEE, Appellant,**

v.

**Joyce Esther BYBEE, Respondent.**

**No. 18966.**

Missouri Court of Appeals,
Southern District,
Division Two.

July 20, 1994.

Ralph W. Gilchrist, Bolivar, for appellant.

George R. Lilleston, Clinton, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

The parties were married in 1963. Their children are emancipated. The marriage was dissolved in 1992. The court divided the marital property into substantially equal shares and this division is not questioned. The court also awarded the wife maintenance of $400 per month for ten years. The husband appeals, raising as his sole issue the propriety of the maintenance award.

The husband is employed as a dispatcher-technician for a telephone company. He earned $31,586 during the calendar year preceding the dissolution. The wife is a school-teacher, whose annual salary at the time of the dissolution was $18,000, not including a voluntary annual payment of $2040 to her retirement fund.

The unusual feature of this case is that the husband had an Employee Stock Option Plan (ESOP), authorized by the Internal Revenue Code, by reason of which shares of stock in his employer, Missouri Telephone Company, could be acquired year after year with before-tax dollars, and dividends used to purchase additional shares without immediate tax incidence. The case is also unusual in that the shares of stock in the plan were sold for cash to ALLTEL, another telephone company, after the parties had separated but before the decree was entered. The purchase price was very attractive to the Missouri shareholders. The proceeds of the plan shares were deposited with a corporate fiduciary at the time of the decree, drawing interest while awaiting various approvals and elections. The husband's interest in the plan was valued at $1,410,020.50 at the time of the decree, of which the court awarded $705,-010.25 to the husband and a like amount to the wife. The husband's share of the total marital property was $752,942.08, and the wife's share $754,382.41.

The wife, in support of her claim for maintenance, submitted an estimated statement of monthly expenses in the amount of $1586, and anticipated net income of $1120. The husband challenges her figures in several respects, asserting that the schedule contains a monthly charge for firewood which is needed for only five months of the year, that she included a continuing charge for college tuition in pursuit of a master's degree which she would complete within a year, and that she claimed the total payments on a deed of trust whereas the decree required her to pay only half of these payments. The husband also argues that she should include in her income the $2040 she voluntarily pays for retirement, and that she should work during the summer months. (She is licensed as a beautician and as a real estate salesperson.) The wife suggests that the schedule does not fairly reflect her outlay for health and automobile insurance. In the view we take of the case we do not have to resolve these contentions.

The husband argues that the proceeds of the ESOP shares should be considered in determining the wife's entitlement to maintenance. The wife, under 26 U.S.C. 414(p)(8) is an "alternate payee" under a qualified domestic relations order, and so is relieved of the 10% penalty which ordinarily attaches to the withdrawal of funds from a qualified retirement plan prior to normal retirement date. 26 U.S.C. Sec. 72(t)(2)(C). As an alternate payee, the wife had several options, as follows: (1) she could take all or part of the ESOP funds for her own use, in which event she would have to pay income tax on the funds; (2) she could "roll over" all or part of the funds into a qualified retirement account pursuant to 26 U.S.C. Sec. 402(c)(5), by reason of which she could avoid immediate tax consequences and accumulate income tax-free until her retirement time; or (3) she could invest the funds in an annuity, paying taxes only on funds withdrawn for her own use. 26 U.S.C. Sec. 72(t)(2)(A)(iv).

The right to maintenance is defined by Sec. 452.335, RSMo 1993 Supp., in the following terms:

1. In a proceeding for ... dissolution of marriage ..., the court may grant a maintenance order to either spouse, but only if it finds that the spouse seeking maintenance:

(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

(2) Is unable to support himself through appropriate employment. . . .

Section 2 of the same statute enjoins the court to consider, among other things:

(1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently. . . .

Thus the award of maintenance is governed by statutory standards, and is not a matter of unregulated discretion. Maintenance is awarded only to meet demonstrated needs. *In re Marriage of Tappan*, 856 S.W.2d 362, 367 (Mo.App.1993), found error in the trial court's failure to consider interest income of a wife in determining her entitlement to maintenance, and in building into a maintenance award a cushion in excess of demonstrated needs. To the same effect are *Drikow v. Drikow*, 803 S.W.2d 122, 127–128 (Mo.App.1990), citing *In re Marriage of Reed*, 762 S.W.2d 78, 85 (Mo.App.1988); and *Kinder v. Kinder*, 777 S.W.2d 339 (Mo.App. 1989). These cases call for the use of available resources, and emphasize that maintenance is not awarded in order to permit the recipient to build an estate.

Turning to the case before us, the parties' interest in the proceeds of the ESOP stock is out of proportion to their earnings, resources, and lifestyle. The wife's share, even invested conservatively at 4%, would produce income of $28,000, which would allow the wife to meet her claimed needs and also to add to her total assets without immediate tax consequences. It cannot be said, under these circumstances, that she lacks sufficient property to meet her needs. Her withdrawals from the ESOP funds would of course be subject to federal income tax, but so would any payments of maintenance. It is also of interest that her income figures do not show as income her voluntary payment of $2040 per year into her own retirement account, on which non-taxed income will continue to accrue. There is no danger that her retirement funds will be depleted.

The wife does not challenge the husband's exposition of the pertinent sections of the federal Internal Revenue Code (Title 26, United States Code), but rather argues that "the federal tax code is not germane to the questions of whether [the wife] should be compelled to transfer retirement assets into an income producing or investment account. . . ." She cites *Baker v. Baker*, 815 S.W.2d 493 (Mo.App.1991), for the proposition that retirement funds are not to be considered in determining entitlement to maintenance. The trial judge was apparently of this opinion, as shown by his finding as follows:

. . . although awarded one-half of husband's current retirement benefits, wife should not be required to deplete such assets prior to normal retirement age.

*Baker*, however, did not announce a holding of the breadth claimed for it. It dealt with a 401(k) Plan, which is another form of tax-deferred retirement accumulation recognized by the Internal Revenue Code, and specifically held that the wife's interest in the plan was "not readily available to her." Here, by contrast, the proceeds of the ESOP were liquid and quite available to the wife, by election available when her interest vested under the decree. The case is further distinguished from *Baker*, and no doubt from the great majority of cases involving retirement benefits, by the magnitude of the retirement funds as compared to the parties' present earnings and resources. We conclude that the trial court should have considered the ESOP funds in determining the wife's entitlement to maintenance, and that, based on the schedule she submitted, she does not lack "sufficient property to provide for [her] reasonable needs."

Nothing in *Liberty v. Liberty*, 826 S.W.2d 381 (Mo.App.1992), cited by the wife, is inconsistent with what we say. Nor are the legion cases holding that trial judges have broad discretion in determining the amount of maintenance to be awarded, and that the trial judge's resolution of undisputed questions of fact will be given great deference. These propositions are sound, but here we perceive a minimum of factual dispute, and we are of the opinion that the award of maintenance does not comply with the statutory standard of need. The error is an error of law. It is hardly necessary to caution that

this case is highly unusual in several respects, and that we have no purpose of expounding broad propositions of law which go beyond the particular facts.

The portion of the decree appealed from is reversed and the case is remanded with directions to eliminate the award of maintenance.

CROW and GARRISON, JJ., concur.