Carolyn **BAZZELL**, Appellant/Cross–Respondent,

v.

James **BAZZELL**, Respondent/Cross–Appellant.

Nos. 66350, 66407.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 3, 1995.

James M. Daly, John L. Prather, and Michael J. Turgeon, St. Louis, for appellant.

Gail G. Renshaw and Nicholas J. Riggio, Sr., St. Louis, for respondent.

DOWD, Judge.

Mother appeals from those portions of a series of orders modifying the June 24, 1987 dissolution decree failing to award her retroactive child support and attorney's fees, failing to include certain repair costs under a provision of the dissolution decree requiring each party to pay for one-half of the reasonable and necessary repairs to the marital home, and finding J.B. emancipated as of October 1990. Father appeals from an order enforcing the reasonable and necessary repair provision of the decree and the finding that T.B. was not emancipated prior to October 1989. We affirm as modified.

Mother and Father obtained a dissolution decree on June 24, 1987. Mother received custody of the minor children T.B., J.B., and R.B., who were seventeen, fourteen, and eleven years old, respectively, at the date of dissolution. Father was ordered to pay $175 per month per child for child support. Mother filed a motion to modify the original divorce decree requesting a $175 increase in R.B.'s child support for educational expenses.

After consolidation of subsequent motions filed by the parties, the trial court heard all matters on January 7, 1994. Following the hearing, the court found in its order of April 29, 1994, a substantial and continuing change in circumstance warranting an increase in Father's child support obligation. On June 3, 1994, after hearing argument on a motion for new trial, the court amended the above order by denying Mother retroactive child support to the date of her motion to modify.

Almost three and one-half months elapsed between the date of the order and the date of the hearing and submission. In *Brown v. Brown*, 537 S.W.2d 434 (Mo.App.1976), we recognized that when a modification is made prospective, after a lengthy delay under submission, the effective date of the decree should be the date of hearing. In *Brown*, after an almost four-month delay under submission, the court modified the trial court's decree and held modification of monetary awards "should be effective at the latest as of the date of the hearing." *Id.* at 438.

The statute governing this case authorizes the court to enter a judgment which could be effective as early as the date upon which the motion to modify was filed. We are reminded of the old adage that "justice delayed is justice denied." We feel that where, as here, it is possible to alleviate the effect of unavoidable delay it should be so decreed. We are of the opinion that under circumstances such as those before us, nothing more appearing, the modification with respect to monetary awards should be effective at the latest as of the date of the hearing.
*Id.*

We find the circumstances in this appeal virtually identical to those in *Brown*. Mother's motion to modify was heard on January 7, 1994. All of the evidence supporting modification of Mother's child support award were established as of the date of the hearing and submission. The motion court entered its order on April 29, 1994, nearly four months after submission; the trial court in *Brown* entered its order four months after submission. Therefore, pursuant to Rule 84.14, the judgment of the trial court is modified to be effective as of January 7, 1994, and as modified the judgment is affirmed.

We find no error of law appears in the remaining points raised by the parties, and the court's findings of fact are supported by substantial evidence, and are not against the weight of the evidence. We find no jurisprudential purpose would be served by a written opinion addressing these points. Rule 84.16(b).

CRAHAN, P.J., and CRANDALL, J., concur.