**In re the Marriage of Alma S. NORMAN, Petitioner–Respondent,**

v.

**Rodney Van NORMAN, Respondent–Appellant.**

**No. 67418.**

Missouri Court of Appeals, Eastern District, Division One.

Oct. 17, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 20, 1996.

Schwartz & Ochs, James C. Ochs, St. Louis, for Appellant.

Peggy Hardge–Harris, St. Louis, for Respondent.

KAROHL, Judge.

Rodney Van Norman appeals from a judgment on his motion to modify the dissolution decree by terminating the provisions for maintenance. The court denied relief at the close of husband's evidence. He argues the trial court erred by finding he failed to prove changed circumstances so substantial and continuing as to make the terms of decreed maintenance unreasonable. We affirm.

Rodney and Alma Norman were divorced on December 22, 1981. Alma was awarded custody of the couple's minor child, Trina, birth date September 2, 1977. The court ordered Rodney to pay maintenance of $65 per week and child support of $30 per week. At the time Rodney earned $30,000 annually. In 1990, Alma surrendered Trina to the custody of the State of Missouri. As a result, Rodney's child support increased from $130 to $484 per month.

Rodney filed a motion to modify. His earnings have increased to $71,000 per year. His new wife earns a base pay of $23,000 per year. Their household earnings total $94,-000. They reside in DeSoto, Texas. They have no children. His assets include $50,000 in pension and profit sharing plans, 1986 Volvo, on which Rodney has no indebtedness, 1989 Mercedes, 1990 Honda, and securities valued at less than $1,200. In summary, ability to pay is not an issue.

Alma had custody of Trina for nine years after the dissolution. She cared for the child and worked part-time. In October, 1991, she began working for Bi–State. She is now employed full-time. She earns $300 per week. She pays weekly child support of $20. Her assets consist of a 1987 Celebrity automobile and $20 in her checking account.

Rodney asked the trial court to terminate or reduce maintenance. The trial court found his evidence did not prove the threshold of a sufficient change in circumstances. It found Alma's income is minimal and his maintenance payments impose no financial hardship. Therefore, the trial court granted Alma's motion for a ruling at the close of Rodney's evidence.

STANDARD OF REVIEW

In *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) the court found:

Judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it; unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is "against the weight of the evidence" with caution and with a firm belief that the decree or judgment is wrong.

"On appeal, the trial court's judgement is presumed valid and the burden is on appellant to demonstrate incorrectness of the judgment." *Zimmer v. Zimmer*, 862 S.W.2d 355, 364 (Mo.App.S.D.1993) *quoting Delaney*

*v. Gibson,* 639 S.W.2d 601, 604[4] (Mo. banc 1982); *Austin v. Trotters Corp.,* 815 S.W.2d 951, 957[4] (Mo.App.1991).

## DISCUSSION

Modification of maintenance is authorized by § 452.370(1) RSMo 1994 which reads in pertinent part:

[T]he provisions of any decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. In a proceeding for modification of any ... maintenance award, the court in determining whether or not a substantial change in circumstances has occurred, shall consider all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse or other person with whom he or she cohabits, and the earning capacity of a party who is not employed.

First, Rodney argues Alma has a duty to seek employment and conceded Alma has done so. She is employed full-time. Second, he argues maintenance should not provide Alma with an opportunity to accumulate wealth. But, he concedes she is not. Nevertheless, he relies on *Jung v. Jung,* 886 S.W.2d 737, 740 (Mo.App.E.D.1994), to support his motion to reduce or terminate maintenance. *Jung* was an action for dissolution in which the court looked at § 452.335 RSMo 1988. We review § 452.370, not § 452.335. *Jung* is not controlling.

Rodney also argues *Habig v. Gohagan,* 890 S.W.2d 732, 737 (Mo.App.E.D.1995), supports his claim the trial court should have considered her need *and* his ability to pay. He contends the court erred as follows: by calculating Alma's monthly income at a mere $300.00 per month, rather than $1,200; and by calculating the increase in his income at 300%, rather than the correct figure of 230%.

The record on this argument is:

THE COURT: Indeed, the evidence that I have received negates a change in circumstances for altering maintenance by virtue of the fact the wife's income has apparently increased *by some $300.00 a month,* from zero to what she's presently earning.

The moving party's income has substantially increased multiple times that amount, probably some three times that amount, close to four, two and a half times that amount, some $40,000 a year which would be 300—I don't have my calculator.

MR. OCHS: It's almost double, Judge, a little over double, but again—

THE COURT: He's doubled his income, but if I did it on the basis of number of dollars, his change in income has substantially out-stripped the change of income of the wife.

\*     \*     \*     \*     \*     \*

MR. OCHS: She makes $15,000 a year, judge. That's not minimal. That's whatever, $300 a week is almost $7 and a half an hour.

THE COURT: The statute requires the provisions of the decree representing maintenance or support may be modified only upon showing of change of circumstances so substantial and continuing as to make the term unreasonable. I don't think you've got that burden—you've met that burden. I'm going to deny the motion. (Our emphasis).

Alma's income, Rodney's income and his ability to pay are not in dispute. She has increased her income from zero at the time of the decree to just over $1,200 per month. However, the observation of the trial court that the terms of the decree are not unreasonable is supported by Rodney's evidence and the absence of evidence Alma was either self-supporting or intentionally dependent on maintenance.

Rodney argues *Schofer v. Schofer,* 780 S.W.2d 69, 71 (Mo.App.1989) requires a finding Alma's increase in income was a change significant enough to justify a reduction of maintenance payments. In *Schofer,* payee spouse's earnings increased from $241 gross per month to $855, net per month. *Id.* at 70. She also received $21 per month interest. *Id.* Her income plus maintenance payments of $1150 per month provided her with total income of $2026. *Id.* She proved only $1607 of monthly expenses. *Id.* The court found a substantial change because the dissolution

court had contemplated that payee spouse would never achieve more than a minimum wage job. *Id.* It ordered a reduction in maintenance of $419 per month to $750 because "the object of the Dissolution Act is not to create a future estate under the guise of maintenance ... the object of maintenance is to assist the spouse who is unable to be self-supporting through appropriate employment." *Id.* at 71. Rodney offered Alma's income and expense statement. He, therefore, proved Alma's expenses at the time of the hearing were $1341.54 per month. She earned $898.34 per month and received $282 per month maintenance, a total of $1180.34 per month. Alma's net earnings plus maintenance fail to meet her expenses. *Schofer* is inapplicable.

Proof of an increase in the wife's income may be insufficient to modify maintenance. In *In re Marriage of Bell,* 720 S.W.2d 33, 34–35 (Mo.App.1986), the court found that though payee spouse had been unable to work at the time of the dissolution due to a medical condition, and had subsequently become employed full-time, her earnings were insufficient to meet her needs. It found the change in her circumstances, plus a voluntary decrease in the husband's income was insufficient to show a change so substantial and continuing as to make the terms of the original decree unreasonable. *Id.* We reach the same result.

Here, Alma was unable to work full-time at the time of the dissolution. She subsequently become employed full time. However, though she is employed full time, her earnings are insufficient to meet her needs.

In *Magaletta v. Magaletta,* 691 S.W.2d 457, 459 (Mo.App.1985), we found: "Neither decrease in husband's earnings nor increase in wife's income alone justifies or requires a modification of the terms of an award ... At present there is a great disparity between husband and wife in yearly income, savings and retirement funds. From the evidence it appears husband can meet his own financial needs while continuing to meet his support obligation."

The trial court found that Rodney had not carried the burden of showing a change of circumstances so substantial and continuing as to make the terms of the original decree unreasonable. By the applicable review we find no error.

Alma's motion for damages for frivolous appeal is denied. We affirm.

REINHARD, P.J., and WHITE, J., concur.